[Cite as *E. Cleveland v. Zapo*, 2011-Ohio-6757.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96718**

## CITY OF EAST CLEVELAND

PLAINTIFF-APPELLEE

vs.

## LYNETTE ZAPO

DEFENDANT-APPELLANT

## JUDGMENT:
REVERSED AND REMANDED

Criminal Appeal from the
East Cleveland Municipal Court
Case No. 11 CRB 00243

**BEFORE:** S. Gallagher, J., Blackmon, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** December 29, 2011

**ATTORNEYS FOR APPELLANT**

Robert Tobik
Chief Public Defender

BY: Erika B. Cunliffe
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Fernando Mack, Chief Prosecutor
Willa Hemmons, Prosecutor
City of East Cleveland
14340 Euclid Avenue
Euclid, OH   44112


SEAN C. GALLAGHER, J.:

{¶ 1}   Defendant-appellant Lynette Zapo appeals her conviction in East Cleveland Municipal Court Case No. 11-CRB-00243.   For the following reasons, we reverse Zapo's conviction, vacate her plea, and remand for further proceedings.

{¶ 2}   On March 15, 2011, East Cleveland police officers responded to reports of domestic violence at 15995 Nelacrest Road.   Upon arriving, the officers observed Tammy Chizom and Zapo in an intoxicated state and arguing.   Witnesses stated that they

were physically assaulting each other. Both Chizom and Zapo were arrested and charged with domestic violence.

{¶ 3} At Zapo's arraignment, Zapo agreed to plead no contest to disorderly conduct. The city amended the complaint to one charge for disorderly conduct in contemplation of the plea. Chizom received the same deal. Both Zapo and Chizom pleaded no contest, and the trial court found them both guilty. Zapo was sentenced to 180 days in jail with 179 days being suspended, received credit for one day served, fined $250, and placed on probation for one year subject to anger management sessions.

{¶ 4} It is from this conviction that Zapo timely appeals, raising one assignment of error that provides as follows: "The proceedings in East Cleveland Municipal Court violated Lynette Zapo's rights under the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution, Article I Section 10 of the Ohio Constitution and Ohio Crim.R. 11." Zapo argues that the trial court failed to explain the effect of her plea of no contest to the petty offense of disorderly conduct as required by Crim.R. 11(E). For the following reasons, Zapo's sole assignment of error has merit.

{¶ 5} It is well settled that if trial courts fail to comply with Crim.R. 11, "courts must engage in a multitiered analysis to determine whether the trial judge failed to explain the defendant's constitutional or nonconstitutional rights and, if there was a failure, to determine the significance of the failure and the appropriate remedy." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 30. The depth of the required explanation depends on the level of the offense.

**{¶ 6}** In this case, Zapo was convicted of disorderly conduct, which is a misdemeanor offense subject to a term of imprisonment of up to six months and a fine of an amount up to $1,000. Crim.R. 2(D) defines a petty offense as "a misdemeanor other than serious offense," which is, in turn, defined as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." The parties agree that disorderly conduct is a petty offense, and our analysis is accordingly limited to whether the trial court explained the appropriate constitutional and nonconstitutional rights for a petty offense.

**{¶ 7}** When entertaining pleas to petty offenses, courts "may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." Crim.R. 11(E). In order to comply with Crim.R.11(E) and notify the defendant of the effect of the plea, the Ohio Supreme Court has determined that courts must inform the defendant with the appropriate definition from Crim.R. 11(B) for the plea being entered. *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 25. This requirement is a nonconstitutional one that can be accomplished either orally or in writing.[1] Id. at ¶ 51-52. Nevertheless, the language of Crim.R. 11(B) must be used to inform the defendant of the effect of the plea.

---

[1] It is perplexing that the municipal court does not include the Crim.R. 11(B) language on its standard plea form since this requirement can be accomplished in writing and these types of appeals can be avoided.

**{¶ 8}** In *State v. Clark*, 119 Ohio St.3d 239, the Ohio Supreme Court created an additional tier of analysis if a court fails to substantially comply with a nonconstitutional right in felony cases. This court has since applied *Clark* to pleas involving petty offenses. *Parma v. Buckwald*, Cuyahoga App. Nos. 92354 and 92356, 2009-Ohio-4032; compare *State v. Taylor*, Cuyahoga App. No. 94569, 2010-Ohio-5607. In such cases, there is another level of inquiry to determine whether the trial court partially or "simply failed to" comply with Crim.R. 11 that determines whether the defendant must demonstrate prejudice before the plea must be invalidated. *Clark*, 119 Ohio St.3d 239. If the trial court partially complied, the defendant must show prejudice in order to invalidate the plea. Id. For example, if a trial court mentions postrelease control but fails to explain it, the court partially complied with Crim.R. 11. Id. On the other hand, if the trial court completely fails to comply, then the court must vacate the plea irrespective of any prejudice to the defendant. Id.

**{¶ 9}** Under the facts of the current case, Zapo pleaded no contest to disorderly conduct at her arraignment on a domestic violence charge. The court failed to notify Zapo of the effect of the plea in the transcript of proceedings provided in the record.[2] Upon initially entering the no contest plea, the trial court directed Zapo to speak with the

---

[2] We note that the trial court could have complied with the Crim.R. 11 requirements by giving a blanket notification to all defendants present for the arraignment process; however, the transcript of proceedings provided for the purpose of this appeal began with Zapo's case being called. We, therefore, are limited to reviewing the record based on the transcript provided.

public defender.[3]    Zapo's sole argument is that the trial court failed to advise her of the nature of a no contest plea.    We agree.

{¶ 10} The record is devoid of any explanation of the no contest plea that Zapo entered.    In other words, there was a complete failure to comply with Crim.R. 11(E) because the trial court failed to mention any of the language of Crim.R. 11(B)(2).    Any prejudice analysis is unnecessary.    *Buckwald*, 2009-Ohio-4032, ¶ 46.    "Under these same circumstances, this court has consistently recognized that such failure amounts to reversible error and requires that the defendant's plea be vacated."    *Parma v. Pratts*, Cuyahoga App. No. 94990, 2011-Ohio-728, ¶ 34; see, also, *N. Royalton v. Semenchuk*, Cuyahoga App. No. 95357, 2010-Ohio-6197; *Buckwald*, 2009-Ohio-4032.    The trial court accordingly erred in accepting Zapo's plea without notifying her of the effect of that plea.    Zapo's sole assignment of error is sustained.

{¶ 11} We reverse Zapo's conviction, vacate her plea,    and remand this case to the lower court for    further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

---

[3]    The transcript of proceedings included a copy of the recording.    The transcript 4:13-18 differs from the recording.    The transcript indicates the trial court advised Zapo to speak to the other defendant about her plea. The recording indicates the trial court advised Zapo to speak to the public defender about her plea.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

PATRICIA ANN BLACKMON, P.J., and
COLLEEN CONWAY COONEY, J., CONCUR