[Cite as *Cleveland v. O'Donnell*, 2018-Ohio-390.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105597**

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## PETER O'DONNELL

DEFENDANT-APPELLANT

**JUDGMENT:**
VACATED AND REMANDED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2016 CRB 007352

**BEFORE:** Celebrezze, J., E.T. Gallagher, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** February 1, 2018

**ATTORNEYS FOR APPELLANT**

Mark Stanton
Cuyahoga County Public Defender
By:     Michael V. Heffernan
          John T. Martin
Assistant Public Defenders
Courthouse Square, Suite 200
310 Lakeside Avenue
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
City of Cleveland
Director of Law
By:     Patricia McGinty Aston
Assistant Director of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114

FRANK D. CELEBREZZE, JR., J.:

{¶1} Defendant-appellant, Peter O'Donnell ("appellant"), brings this appeal challenging his conviction and the trial court's sentence for failure to comply with an order of the city of Cleveland's Building Department. Specifically, appellant argues that his no contest plea was invalid, the trial court failed to enter a finding of guilt after he entered the no contest plea nor made the required explanation of circumstances pursuant to R.C. 2937.07, and the trial court erred by resentencing him. After a thorough review of the record and law, this court vacates appellant's no contest plea and sentence, and remands the matter for further proceedings consistent with this opinion.

## I. Factual and Procedural History

{¶2} Appellant is the owner of property located in Cleveland, Ohio. At some point, the city's building department issued a condemnation notice pertaining to the garage on appellant's property and ordered appellant to abate the hazard.

{¶3} In April 2016, the city of Cleveland filed a criminal complaint charging appellant with failure to comply with the building department's order, a first-degree misdemeanor in violation of Cleveland Codified Ordinance Section 3103.25(E).

{¶4} On August 31, 2016, appellant entered a plea of no contest. The trial court ordered screening to determine whether appellant was eligible for the Selective Intervention Program ("SIP"). However, appellant was found to be ineligible for this diversion program. On September 27, 2016, the trial court sentenced appellant to

community control sanctions for a period of two years and imposed a $1,000 fine.

{¶5} In February 2017, the trial court, sua sponte, found that the sentencing journal entry was void because it (1) failed to specify the relevant ordinance number and describe the offense alleged in the complaint, (2) failed to specify the date of the offense, (3) failed to set forth the terms of appellant's community control sanctions, and (4) failed to advise appellant of the consequences of violating the terms of community control. The trial court's determination was based on this court's holdings in *Cleveland v. U.S. Bank, N.A.*, 2016-Ohio-7402, 72 N.E.3d 1123 (8th Dist.), and *Cleveland v. Schornstein Holdings, L.L.C.*, 2016-Ohio-7479, 73 N.E.3d 889 (8th Dist.).

{¶6} The trial court held a resentencing hearing on February 21, 2017, during which it sentenced appellant to 180 days in jail and a $109,000 fine. The trial court suspended the jail sentence and fine and imposed community control sanctions for a period of two years.

{¶7} On March 20, 2017, appellant filed the instant appeal challenging the trial court's judgment. He assigns three errors for review:

I.   [Appellant] never entered a plea of no contest in this case.

II.   There was an insufficient factual basis to sustain a guilty verdict.
III.   The trial court erred when it re-sentenced [appellant].

## II. Law and Analysis

{¶8} Appellant's first and second assignments of error both pertain to his no contest plea. The interrelated issues in these assignments of error will be addressed together.

### A. No Contest Plea

**{¶9}** In his first assignment of error, appellant argues that his no contest plea was invalid because he never formally tendered the plea during the August 31, 2016 hearing. We agree.

**{¶10}** "A trial court's obligations in accepting a plea depend upon the level of offense to which the defendant is pleading." *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 6. The plea procedure for a misdemeanor case under Crim.R. 11 is much less elaborate than the procedure for a felony case. *Cleveland v. Jaber*, 8th Dist. Cuyahoga Nos. 103194 and 103195, 2016-Ohio-1542, ¶ 23. Misdemeanor cases can involve "serious offenses" or "petty offenses." A "serious offense" is defined as an offense for which the penalty includes confinement for more than six months; a "petty offense" is defined as a misdemeanor offense other than a serious offense. *Id.*, citing Crim.R. 2(C) and (D). Crim.R. 11(E) provides that for a "petty offense," the trial court "may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty."

**{¶11}** In the instant matter, appellant was charged with a first-degree misdemeanor offense, subject to a maximum sentence of 180 days. R.C. 2929.24(A)(1). Accordingly, appellant's offense was a "petty offense," and Crim.R. 11 only obligated the trial court to inform appellant of the effect of his plea. *Jones* at paragraph one of the syllabus. "To satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B)."

*Id.* at paragraph two of the syllabus.

{¶12} Crim.R. 11(B) sets forth the effect of guilty or no contest pleas. Crim.R. 11(B)(2) defines the effect of a no contest plea as follows: "[t]he plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint and such plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." This court has previously held that a trial court's failure to make any mention of the Crim.R. 11(B)(2) language regarding the effect of a no contest plea to a petty misdemeanor offense is a complete failure to comply with Crim.R. 11(E), requiring the plea to be vacated. *Parma v. Buckwald*, 8th Dist. Cuyahoga Nos. 92354 and 92356, 2009-Ohio-4032, ¶ 45-46; *Brecksville v. Grabowski*, 8th Dist. Cuyahoga No. 104973, 2017-Ohio-7885, ¶ 13.

{¶13} In the instant matter, appellant argues that his no contest plea was invalid because he never formally tendered the no contest plea on the record. In support of his argument, appellant directs this court to *Cleveland v. Chappell*, 8th Dist. Cuyahoga No. 104739, 2017-Ohio-4070.

{¶14} In *Chappell*, the defendant-appellant argued that his plea was invalid because he "never formally stated on the record that he was pleading no contest." *Id.* at ¶ 10. This court recognized that "'[t]he tendering of a plea of no contest or of guilty has substantial consequences to a criminal defendant.'" *Id.* at ¶ 12, quoting *State v. Singleton*, 169 Ohio App.3d 585, 2006-Ohio-6314, 863 N.E.2d 1114 (2d Dist.). This court further explained that in order to formally tender a no contest plea, "a criminal

defendant must either do so by signing a writing reflecting an express plea, or orally, either by saying, affirmatively, that he is pleading 'no contest,' or by responding affirmatively to the trial court's question, 'are you pleading no contest,' phrased in the present, unconditional tense." *Chappell* at ¶ *id.*, quoting *Singleton* at ¶ 71.

{¶15} In *Chappell*, this court concluded that the defendant did not formally tender a no contest plea based on the following exchange:

> COURT: Gentlemen, have you reviewed this case, have you had an opportunity to pre-try this with the prosecutor?
>
> DEFENSE COUNSEL: We have, your Honor.
>
> COURT: And how would you like to proceed?
>
> DEFENSE COUNSEL: We're going to withdraw the not guilty and plead no contest, your Honor.
>
> COURT: All right. Now, Mr. Chappell, I'm sure your attorney has covered this with you, but I must personally address you and apprise you that when you withdraw your plea of not guilty and enter a plea of no contest, no contest is not an admission of guilty, but is an admission that the violation did exist.
>
> When you enter such a plea, you give up your right to a jury trial, your right against self-incrimination, and your right for compulsory process, that's your right to bring in your own witnesses, and your right to force the City to prove beyond a reasonable doubt your guilt.
>
> Do you understand those rights and knowingly and willingly give them up?
>
> CHAPPELL: Yes.
>
> COURT: All right. I'll accept your plea.

*Chappell* at ¶ 11.

{¶16} In the instant matter, the trial court engaged in the following colloquy with

appellant during the change of plea hearing:

> THE COURT:   Okay. Mr. O'Donnell, did you want to plead no contest?
>
> MR. O'DONNELL:   Yes, I believe so.
>
> THE COURT:   Okay.   So when you plead no contest that means you're going to give up your right to a jury trial; your right to say nothing because you don't have to say anything.   The prosecutor has to prove his case against you.
>
> You have the right to bring in your own witnesses and your right to force the City to prove their case beyond a reasonable doubt.   Now keep in mind we're going to consider putting this back on the Selective Intervention Program.   And we're going to do another screening at a later date for that.
>
> Do you wish to plead no contest, understanding the rights that you give up in order to plead no contest?
> MR. O'DONNELL:   Yes, I do.

(Tr. 4-5.)

{¶17} After reviewing the record, we cannot say that appellant formally tendered a no contest plea.   Appellant did not affirmatively state that he was pleading "no contest." Further, although appellant responded affirmatively to the trial court's question "[d]o you wish to plead no contest, understanding the rights that you give up in order to plead no contest[,]" this question is not phrased in the present, unconditional tense, nor is it clear whether appellant responded affirmatively because he wished to plead no contest, understood the rights he would be giving up by pleading no contest, or both. Accordingly, we find that appellant did not expressly tender a no contest plea.

{¶18} We further find that the trial court failed to fulfill its obligations under Crim.R. 11(E) before accepting appellant's plea of no contest to a petty offense.   The trial

court's sole obligation under Crim.R. 11 was to advise appellant of the effect of his no contest plea — that the no contest plea was not an admission of guilt, but rather an admission of what was alleged in the complaint. The record reflects that the trial court failed to provide this advisement to appellant. Nor were the allegations in the complaint identified or discussed during the change of plea hearing.

{¶19} Further, the record demonstrates that appellant did not understand the effects of the no contest plea and did not understand that he was admitting to the truth of the facts in the complaint. After appellant indicated that he wished to plead no contest, appellant asserted that the case arose "because of a fire that my garage burned down," and that "the fire was no fault of my own." (Tr. 6.) Appellant further stated, "[w]ell in a way [the fire] was a good thing because [the garage] is all gone." (Tr. 6.) Accordingly, based on the record before this court and the statements appellant made during the change of plea hearing, we cannot say that appellant knowingly, voluntarily, and intelligently entered the no contest plea.

{¶20} Based on the foregoing analysis, appellant's first assignment of error is sustained.

{¶21} In his second assignment of error, appellant argues, in part, that the trial court never accepted the no contest plea nor entered a finding of guilty after he pled no contest. We agree.

{¶22} The record in this case reflects that the trial court did not make a finding of guilt after appellant entered the no contest plea. *See Grabowski*, 8th Dist. Cuyahoga No.

104973, 2017-Ohio-7885, at ¶ 15 (after the defendant pled no contest, "the magistrate did not make a finding of guilt, but rather treated [defendant's] no contest plea as if it were a guilty plea and proceeded directly to sentencing."). The trial court treated appellant's no contest plea as if it were a guilty plea and proceeded to refer appellant for screening to determine whether he was eligible for the SIP program.

### B. R.C. 2937.07

{¶23} Appellant further argues in his second assignment of error that the trial court failed to comply with R.C. 2937.07 because there was no explanation of circumstances during the hearing to support a guilty verdict. As such, appellant contends that his conviction must be vacated and that double jeopardy attaches, barring further prosecution or a remand for a new plea hearing. We disagree.

{¶24} R.C. 2937.07, governing no contest pleas in misdemeanor cases, provides, "[a] plea to a misdemeanor offense of 'no contest' or words of similar import shall constitute an admission of the truth of the facts alleged in the complaint and that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense." In support of his argument that the trial court failed to comply with R.C. 2937.07, appellant directs this court to *Berea v. Moorer*, 2016-Ohio-3452, 55 N.E.3d 1186 (8th Dist.).

{¶25} In *Moorer*, the defendant-appellant pled no contest to a first-degree misdemeanor OVI. This court explained that pursuant to R.C. 2937.07,

> *when a trial court finds a defendant guilty* after that defendant has entered a
> no contest plea, the record must provide an "explanation of circumstances"

that includes a statement of the facts supporting all of the essential elements of the offense. *Chagrin Falls v. Katelanos*, 54 Ohio App.3d 157, 561 N.E.2d 992 (8th Dist.1988), paragraph four of the syllabus; *Cuyahoga Falls v. Bowers*, 9 Ohio St.3d 148, 150, 459 N.E.2d 532 (1984). An explanation of circumstances is required so that the trial court does not simply make the finding of guilty in a perfunctory fashion. *Bowers* at 150. Moreover, "the mere fact that the court's record includes documents which could show the defendant's guilt will not suffice. If the prosecution relies on such documents, the record must show that the court considered them." *Katelanos* at 158, citing *Bowers* at 151.

(Emphasis added.) *Moorer* at ¶ 9. This court concluded that the trial court failed to comply with R.C. 2937.07 because the trial court found the defendant guilty without providing an explanation of the circumstances. *Id*. at ¶ 13. Regarding the remedy for the trial court's failure to comply with R.C. 2937.07, this court held,

a trial court's failure to comply with R.C. 2937.07 is more than mere trial error, but is instead a failure to establish facts sufficient to support a conviction. As such, double jeopardy attaches, thereby preventing the state from getting a second chance to meet its burden. For these reasons, we find that Moorer must be acquitted of the OVI offense.

*Moorer* at ¶ 22.

{¶26} After reviewing the record, we find this case to be distinguishable from *Moorer*. Although we agree that the record from the change of plea hearing reflects that there was no explanation of the circumstances of the failure to comply offense whatsoever, the trial court did not make a finding of guilty after appellant entered the no contest plea. Therefore, the trial court did not violate R.C. 2937.07, and double jeopardy does not attach.

{¶27} Appellant's second assignment of error is sustained in part and overruled in part.

## III. Conclusion

{¶28} After thoroughly reviewing the record, we find that appellant did not expressly tender a no contest plea during the August 31, 2016 hearing; the trial court failed to comply with Crim.R. 11(E); and the trial court failed to enter a finding of guilt during the change of plea hearing. Accordingly, appellant's no contest plea and sentence are vacated, and the matter is remanded for further proceedings.

{¶29} Our disposition of appellant's first and second assignments of error renders appellant's third assignment of error moot.

{¶30} This cause is vacated and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

EILEEN T. GALLAGHER, P.J., and
LARRY A. JONES, SR., J., CONCUR