[Cite as *State v. Conard*, 2020-Ohio-6673.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## ASTHABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-A-0065** |
| DONTE MAURICE CONARD a.k.a. DONTE M. CONARD, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2018 CR 00717.

Judgment: Affirmed.

*Cecilia M. Cooper,* Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, Ohio 44047 (For Plaintiff-Appellee).

*Rick L. Ferrara,* 2077 East 4th Street, 2nd Floor, Cleveland, OH 44115 (For Defendant-Appellant).


THOMAS R. WRIGHT, J.

{¶1} Appellant, Donte Maurice Conard, appeals the trial court's judgment sentencing him to eight years in prison on four counts of aggravated vehicular homicide, consecutive, and one year for operating a vehicle under the influence, concurrent, for a total prison term of 32 years. Conard entered no contest pleas to the charges before being found guilty and sentenced.

{¶2} Conard raises one assignment of error:

{¶3} "The trial court erred in finding appellant guilty on a no contest plea without first finding that it complied with Crim. R. 11 to establish that the plea was knowing, intelligent, and voluntary."

{¶4} Appellant makes two arguments: (1) the trial court did not personally address and inform him of his Crim.R. 11(C)(2)(c) rights, and (2) the trial court did not properly advise him of the effect of a no contest plea as required by Crim.R. 11(C)(2)(b).

{¶5} Crim.R. 11(C)(2) states:

{¶6} "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

{¶7} "* * *

{¶8} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

{¶9} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."

{¶10} Crim.R. 11(C) requires the court to personally address the defendant as it relates to each of his rights. Failure to strictly comply with the constitutional rights provisions invalidates the plea. *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, 897

N.E. 2nd 621, syllabus. Strict compliance does not, however, require a verbatim recitation of the Crim.R. 11(C) rights. Rather "the focus, upon review, is whether the record shows that the trial court explained or referred to the right in a manner reasonably intelligible to that defendant." *State v. Ballard*, 66 Ohio St.2d 473, 480, 423 N.E.2d 115 (1981).

{¶11} The trial court's duty regarding the non-constitutional rights is substantial compliance. *Veney*, s*upra*, at ¶ 14. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). Further, appellant must show resulting prejudice from any errors of the trial court as they relate to non-constitutional rights in order to vacate a plea. *Veney*, *supra* at ¶ 17.

{¶12} The trial court personally addressed appellant as to each of the rights found in Crim.R. 11(C)(2)(c). It asked whether appellant understood each right and separately if he waived each right.

{¶13} "THE COURT: Do you understand that you have a right to a trial in this matter either to the Court or to a jury?

{¶14} "THE DEFENDANT: Yes, Your Honor.

{¶15} "THE COURT: Are you waiving that right today?

{¶16} "THE DEFENDANT: Yes, Your Honor.

{¶17} "* * *

{¶18} "THE COURT: Do you understand that you have the right to confront and Cross-Examine witnesses against you?

{¶19} "THE DEFENDANT: Yes, Your Honor.

{¶20} "THE COURT: Are you waiving that right?

{¶21} "THE DEFENDANT: Yes, Your Honor.

{¶22} "THE COURT: Do you understand that you have the right to subpoena witnesses to come in and testify on your behalf?[1]

{¶23} "THE DEFENDANT: Yes, Your Honor.

{¶24} "THE COURT: And are you waiving that right?

{¶25} "THE DEFENDANT: Yes, Your Honor.

{¶26} "THE COURT: Do you understand that it's the obligation of the Prosecutor's Office to prove you're guilty beyond a reasonable doubt?

{¶27} "THE DEFENDANT: Yes, Your Honor.

{¶28} "THE COURT: And are you waiving that right?

{¶29} "THE DEFENDANT: Yes, Your Honor.

{¶30} "THE COURT: Do you understand that you're not required to testify against yourself?

{¶31} "THE DEFENDANT: Yes, Your Honor.

{¶32} "THE COURT: And are you waiving that right?

{¶33} "THE DEFENDANT: Yes, Your Honor."

{¶34} Accordingly, appellant's assertion that the trial court relied on the written plea to advise him of his Crim.R. 11(C)(2)(c) rights is without merit.

{¶35} Appellant further argues that the trial court failed to inform him of the effect of a no contest plea as required by Crim.R. 11(C)(2)(b) when the court did not inform him that the plea cannot be used against him in civil proceedings.

---

[1] "[S]trict compliance with Crim.R. 11(C) requires the trial court to inform the defendant that witnesses could be 'forced,' 'subpoenaed,' 'compelled,' 'summoned,' or 'required' to appear." *State v. Rosenberg*, 2005-Ohio-101, ¶ 14, citing *State v. Strawther*, 56 Ohio St.2d 298, 383 N.E.2d 900 (1978).

{¶36} In this context, a no contest plea is "not an admission of defendant's guilt, but [it] is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." Crim.R. 11(B)(2).

{¶37} "[THE COURT]: Do you understand that there are special circumstances for a no contest plea, such as the possibility of civil liability, where you may be sued over this incident or you may want to appeal any of the Court's rulings?

{¶38} "THE DEFENDANT: Yes, Your Honor."

{¶39} The trial court did not advise appellant that the plea could not be used against him in a subsequent civil proceeding as required, but the error is harmless. "While appellant may not have known * * * that by pleading no contest, his admission of the facts alleged in the amended complaint could not be used against him in a subsequent proceeding, any ignorance of this fact cannot be considered prejudicial since this exclusionary rule inures *to his benefit*." (Emphasis sic.) *State v. Dundics*, 2016-Ohio-1368, 62 N.E.3d 1013, ¶ 21 (11th Dist.), citing *Cleveland v. Kutash,* 8th Dist. Cuyahoga No. 99509, 2013-Ohio-5124, ¶ 22.

{¶40} Additionally, while appellant does not take issue with the other requirements regarding the effect of a no contest plea, the trial court informed him of them. At the plea colloquy the trial court asked:

{¶41} "THE COURT: Do you understand that under a no contest plea you do not admit that you are guilty of any crime. However, your plea of no contest is an admission of the truth of the facts alleged in the indictment?

{¶42} "THE DEFENDANT: Yes, Your Honor.

{¶43} "***

{¶44} "THE COURT: Do you understand upon accepting your no contest plea, the Court may immediately proceed with judgment and sentence?

{¶45} "THE DEFENDANT: Yes, Your Honor."

{¶46} Appellant understood the implications of the plea and the rights he was waiving. Thus, the trial court substantially complied with Crim.R. 11(C)(2)(b).

{¶47} Further, while the trial court did not ask appellant to state his plea, that does not invalidate the plea when there was a written plea agreement that was accepted by the court.

{¶48} "THE COURT: Mr. Conard, the Court has here before it a written plea of no contest and plea agreement. * * * And here on the fourth or last page it appears to have your signature on it. Did you sign the written plea of no contest and plea agreement?

{¶49} "THE DEFENDANT: Yes, Your Honor.

{¶50} "* * *

{¶51} "THE COURT: Mr. Conard, would you like the Court to accept your plea of admission of the truth of the facts alleged in the indictment, a plea of no contest, under Counts 1, 3, 5, 7 and 10; four counts of aggravated vehicular homicide and one count of operating a vehicle under the influence of alcohol, a drug of abuse or combination of them?

{¶52} "THE DEFENDANT: Yes, Your Honor."

{¶53} "A plea of not guilty by reason of insanity shall be made in writing by either the defendant or the defendant's attorney. All other pleas *may* be made orally." (Emphasis added).  Crim.R. 11(A).

6

{¶54} "[I]n order to formally tender a no contest plea, 'a criminal defendant must either do so by signing a writing reflecting an express plea, or orally, either by saying, affirmatively, that he is pleading 'no contest,' or by responding affirmatively to the trial court's question, 'are you pleading no contest,' phrased in the present, unconditional tense.'" *City of Cleveland v. O'Donnell*, 2018-Ohio-390, 106 N.E.3d 192, ¶ 14 (8th Dist.), quoting *State v. Singleton*, 169 Ohio App.3d 585, 2006-Ohio-6314, 863 N.E.2d 1114, ¶ 71 (2d Dist.).

{¶55} Therefore, the trial court properly accepted appellant's no contest plea by discussing with appellant all of his non-constitutional and constitutional rights and his waiver thereof, the effect of his no contest plea, and then accepting his written plea agreement and finding him guilty.

{¶56} Appellant next contends that the trial court erred in not informing him at his plea colloquy that post-release control was mandatory and that the written plea failed to inform him of this fact.

{¶57} At the plea colloquy the trial court asked:

{¶58} "THE COURT: Do you understand that if you are in prison, that after your release you may be subject to post-release controls, rules and conditions you would have to abide by under the supervision and discretion of the parole board?

{¶59} "THE DEFENDANT: Yes, Your Honor.

{¶60} "* * *

{¶61} "THE COURT: Do you understand that the particular post-release control period in this case is a mandatory period of three years?

{¶62} "THE DEFENDANT: Yes, Your Honor."

7

{¶63} Appellant was, therefore, informed of the duration and mandatory nature of his post-release control. Further, the written plea states: "After release from prison, I *will* have three (3) years of post-release control." (Emphasis added).

{¶64} Therefore, appellant's sole assignment of error lacks merit.

{¶65} The trial court's judgment is affirmed.


TIMOTHY P. CANNON, P.J.,

MARY JANE TRAPP, J.,

concur.