[Cite as *State v. Manning*, 2023-Ohio-4455.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Toledo

    Appellee

v.

Paul Manning

    Appellant

Court of Appeals No.  L-23-1045

Trial Court No.  CRB2103637

**<u>DECISION AND JUDGMENT</u>**

Decided:  December 8, 2023

* * * * *

Rebecca Facey, City of Toledo Chief Prosecutor, and
Jimmie Jones, Assistant Prosecuting Attorney, for appellee.

Henry Schaefer, for appellant.

* * * * *

**DUHART, J.**

**{¶ 1}** This is an appeal filed by appellant, Paul Manning, from the January 31, 2023 judgment of the Toledo Municipal Court.  The state concedes error.  For the reasons that follow, we vacate the judgment and remand this matter to the trial court.[1]

---

[1] Pursuant to S.Ct.R.Op. 3.1, App.R. 11.1(E) and 6th Dist.Loc.App.R.12, we issue this judgment entry rather than an opinion of the court.

{¶ 2} Manning sets forth one assignment of error:

Appellant's Plea Was Not Entered Knowingly, Voluntarily, and Intelligently.

## Background

{¶ 3} On April 30, 2021, events occurred which led to Manning being charged with aggravated menacing and inducing panic, both first degree misdemeanors.

{¶ 4} On January 31, 2023, Mr. Manning's counsel entered a no contest plea on his behalf to the aggravated menacing charge. The court sentenced Manning to one year of active probation, with sixth months suspended, ordered him to seek treatment at Unison and ordered the airsoft gun allegedly used in the incident to be held pending further order of the court.

{¶ 5} Manning timely appealed arguing that when the plea was entered no one inquired on the record if he wanted to enter such a plea, nor did the trial court inform him of the effect of a no contest plea. The state concedes error.

## Law

{¶ 6} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). Crim.R. 11(E) governs the process that a trial court must use before accepting a plea. Crim.R. 11(E)(2) provides that "[i]n misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not

2.

accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." A petty offense is "a misdemeanor other than a serious offense." Crim.R. 2(D). A serious offense is "any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(C). Pursuant to R.C. 2929.24(A)(1), the maximum jail sentence for misdemeanors of the first degree is 180 days. Thus, aggravated menacing is a petty offense.

{¶ 7} "In accepting a plea to a misdemeanor involving a petty offense, a trial court is required to inform the defendant only of the effect of the specific plea being entered." *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 6771, paragraph one of the syllabus. "To satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B)." *Id.* at paragraph two of the syllabus.

{¶ 8} Crim.R. 11(B) states in relevant part that "[t]he plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." Crim.R. 11(B)(2).

{¶ 9} The failure of a trial court to inform a defendant of the Crim.R. 11(B)(2) language concerning the effect of a no contest plea to a petty misdemeanor offense is a complete failure to comply with Crim.R. 11(E), which requires that the plea be vacated. *City of Cleveland v. O'Donnell*, 2018-Ohio-390, 106 N.E.3d 192, ¶ 12 (8th Dist.).

3.

## Analysis

{¶ 10} Upon review, the record shows that at the plea hearing, Manning's defense counsel represented to the court that a resolution was reached in Manning's case, which was a plea of no contest to aggravated menacing. The prosecutor agreed. Defense counsel then entered a plea of no contest on behalf of Manning, consented to the court's finding without a further presentation of evidence. The court asked if that was good enough and the prosecutor responded in the affirmative. The court did not advise Manning of the effect of his plea, as the court did not inform Manning of the Crim.R. 11(B)(2) language: that a no contest plea is an admission of the truth of the facts alleged in the complaint, not an admission of guilt, or that the plea or admission shall not be used against him in any future civil or criminal proceeding.

{¶ 11} Based upon the record, we find the trial court's failure to advise Manning of the Crim.R. 11(B)(2) language regarding the effect of his no contest plea is a complete failure to comply with Crim.R. 11(E). We therefore vacate Manning's no contest plea and sentence, we vacate the trial court's January 31, 2023 judgment, and we remand this matter to the trial court for further proceedings. The state is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment vacated,
and remanded.

State of Ohio/City of Toledo
v. Paul Manning
L-23-1045

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                            _____
                                                         JUDGE

Gene A. Zmuda, J.

Myron C. Duhart, P.J.                         _____
CONCUR.                                                       JUDGE

                                                   _____
                                                         JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.