[Cite as *State v. Boddy*, 2026-Ohio-1264.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-250250 |
| | | TRIAL NO. B-2403171 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| PAUL BODDY, | : | *JUDGMENT ENTRY* |
| Defendant-Appellant. | : | |

This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 4/8/2026 per order of the court.**

**By:**_____
        **Administrative Judge**

[Cite as *State v. Boddy*, 2026-Ohio-1264.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. | C-250250 |
| | | TRIAL NO. | B-2403171 |
| Plaintiff-Appellee, | : | | |
| vs. | : | *O P I N I O N* | |
| PAUL BODDY, | : | | |
| Defendant-Appellant. | : | | |


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: April 8, 2026


*Connie Pillich*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Roger W. Kirk*, for Defendant-Appellant.

**ZAYAS, Judge.**

{¶1} Paul Boddy appeals his convictions, following no-contest pleas, for illegal possession of a firearm in a liquor-permit premises, carrying a concealed weapon ("CCW"), using a weapon while intoxicated, and possessing a defaced firearm. In three assignments of error, Boddy contends that the court erred by finding him guilty without obtaining and accepting express no-contest pleas, failing to inform him of the effect of the no-contest pleas, and denying his motion to dismiss the indictment because the charges unconstitutionally deprived him of his Second Amendment right to bear arms. For the following reasons, we affirm the judgment of the trial court.

## Factual Background

{¶2} Paul Boddy was indicted for illegal possession of a firearm in a liquor-permit premises, CCW, using weapons while intoxicated, and possessing a defaced firearm. According to the complaints, several witnesses saw Boddy with a firearm holstered on his hip leaving Fogarty's bar. The witnesses also observed Boddy entering Game Time bar. A bartender called the Cheviot Police Department, and officers responded to the scene.

{¶3} On October 23, 2024, Boddy filed a motion to dismiss the indictment on Second Amendment grounds. The motion alleged that the charges against him were unconstitutional as applied. With respect to the illegal-possession-of-a-firearm-in-a-liquor-permit-premises charge, Boddy claimed it was "not consistent with the tradition of firearms regulation, and the State cannot meet its burden under *Bruen* to show otherwise," citing to *State v. Striblin*, 2024-Ohio-2142 (5th Dist.). The extent of his argument on the other charges was simply that "a trial court is required to apply the *Bruen* standard to analyze a defendant's as applied challenge," and that Boddy had "no limitation to his concealed carry of a weapon."

**{¶4}** The State filed a response on November 4, 2024, asking the court to dismiss Boddy's motion to dismiss for failing to comply with Crim.R. 47 because Boddy's motion lacked a specific legal and factual basis to support his arguments. The State noted that each offense alleged different conduct, and Boddy did not specify any factual allegations to support an as-applied challenge. The State requested additional time to properly respond if Boddy supplemented his motion or if the court found the motion complied with Crim.R. 47.

**{¶5}** The matter was scheduled for a motion hearing on December 10, 2024.[1] On December 10, instead of proceeding on the motion, Boddy requested a continuance for a plea or trial. Boddy sought seven continuances from December 10, 2024, through April 2, 2024. The next two requests were for plea or trial. At the fourth and fifth settings, Boddy requested a continuance for "other" and wrote "motion" on the continuance entry. At the sixth and seventh hearings, Boddy requested a continuance for a plea or trial. Two days later, on April 4, 2025, newly appointed counsel filed her designation and a discovery demand, a request for a bill of particulars, and a request for the identification of evidence the State intended to introduce at trial.

**{¶6}** On April 21, 2025, Boddy filed a written jury waiver and a written entry withdrawing his not-guilty pleas and entering pleas of no contest. The written no-contest plea form included the following: "I understand the plea of no contest is an admission of the truth of the facts alleged in the indictment but not an admission of my guilt to the charge(s) against me."

**{¶7}** The court confirmed that Boddy had signed the plea form and stated, "Mr. Boddy, you're pleading to the following: it says, I, Paul Boddy, the defendant in

---

[1] The docket reflects that it was scheduled for a motion to suppress, but a motion to suppress was not filed. The only motions filed were the two motions to dismiss.

the above cause, hereby withdraw my plea of not guilty and enter a plea of no contest on the following charges." The court read each charge that he was pleading to and asked, "Those are all no contest?" Counsel responded, "Correct." The court proceeded to read the plea forms he entered in two unrelated cases, and Boddy confirmed he was pleading guilty to those charges.

{¶8} The court discussed the sentence with Boddy, including postrelease control, and confirmed that he wanted to serve his sentence in the Ohio Department of Corrections as opposed to the jail. The court informed him of the rights he was waiving and ensured he was satisfied with his counsel, and that he was entering his pleas knowingly, intelligently, and voluntarily. With respect to the no-contest pleas, the court told him that the prosecutor would read the statement of facts, and his counsel would respond to those facts. The court asked Boddy's counsel if she had gone through the plea form with Boddy and explained his constitutional rights. Counsel confirmed she had done so, and that Boddy was competent to enter the pleas and did so knowingly, intelligently, and voluntarily.

{¶9} The prosecutor recited the facts supporting each charge, and when asked by the court, counsel had nothing to add regarding the facts. The court found him guilty, and Boddy explained the facts in greater detail. Boddy's counsel spoke, and the following colloquy occurred:

> Counsel: No contest plea stems from a brilliant argument based on the Country's - - since the 18th Century law they had alcohol at the time, they had bars at the time. They didn't have an historical precedent of banning firearms in establishments that served alcohol. So the no-contest plea is, especially the Fifth District in Ohio, they do not believe that law comports to be –

5

Court: I know you were going to bring up the Fifth District. First District hasn't followed that law.

Counsel: No.

The court sentenced Boddy to one year of incarceration on each count to be served concurrently, with credit for time served.

## Tendering the No-Contest Plea

{¶10} In his first assignment of error, Boddy contends that the trial court erred when it convicted and sentenced him without first obtaining and accepting express no-contest pleas. Boddy contends that his pleas are invalid because he never orally stated on the record that he was pleading no contest.

{¶11} "It is well established that when the trial court accepts a defendant's plea of no contest, the record must affirmatively demonstrate that the defendant's plea was knowingly, intelligently, and voluntarily entered." *State v. Muhire*, 2023-Ohio-1181, ¶ 10 (12th Dist.), citing *State v. Erdman*, 2017-Ohio-1092, ¶ 7 (12th Dist.). "[I]n order to formally tender a no contest plea, 'a criminal defendant must either do so by signing a writing reflecting an express plea, or orally, either by saying, affirmatively, that he is pleading "no contest," or by responding affirmatively to the trial court's question, "are you pleading no contest," phrased in the present, unconditional tense.'" *State v. Conrad*, 2020-Ohio-6673, ¶ 54 (11th Dist.), quoting *City of Cleveland v. O'Donnell*, 2018-Ohio-390, ¶ 14 (8th Dist.), quoting *State v. Singleton*, 2006-Ohio-6314, ¶ 71 (2d Dist.).

{¶12} Here, the record reflects that Boddy did not orally tender no-contest pleas at the hearing. However, Boddy signed a written "Entry Withdrawing Plea of Not Guilty and Entering Plea of No Contest." The entry specified that Boddy "freely and voluntarily withdraw[s] [his] former plea of Not Guity and enter[s] a plea of NO

6

CONTEST." Therefore, Boddy expressly tendered his no-contest pleas in a writing, changing his pleas from not guilty to no contest. *See Conrad* at ¶ 54; *O'Donnell* at ¶ 14; *Singleton* at ¶ 71.

**{¶13}** Boddy argues that the convictions must be vacated because he never orally entered no-contest pleas. Relying on *State v. Buffington*, 2025-Ohio-2575 (12th Dist.), *State v. Keltner*, 2024-Ohio-2017, (12th Dist.), and *State v. Muhire*, 2023-Ohio-1181 (12th Dist.), Boddy argues that his pleas were not knowing, voluntary, and intelligent because he did not enter his pleas upon the record.

**{¶14}** However, those cases are inapposite because none of the defendants filed a written plea. *See Buffington* at ¶ 25 (the record does not reflect that defendant expressly entered a no-contest plea or a signed plea); *Keltner* at ¶ 8 (The record does not reflect that Keltner tendered a plea, so "there was no plea for the trial court to accept, and consequently no basis for the judgment of conviction."); *Muhire* at ¶ 10 ("the record firmly establishes that Muhire never actually entered a no-contest plea into the record prior to the trial court issuing its decision finding Muhire guilty"). In this case, Boddy signed a written entry, withdrawing his not-guilty pleas and entering pleas of no contest.

**{¶15}** Accordingly, we overrule Boddy's first assignment of error.

### Effect of the No-Contest Plea

**{¶16}** In his second assignment of error, Boddy argues that the trial court erred by accepting his no-contest pleas without informing him of the effect of the no-contest pleas in violation of Crim.R. 11(C)(2)(b), rendering the pleas invalid.

**{¶17}** "A defendant entering a plea in a criminal case must do so knowingly, intelligently, and voluntarily, and the failure of any one element renders enforcement of that plea unconstitutional." *State v. Hart*, 2024-Ohio-5622, ¶ 10 (6th Dist.),

7

quoting *State v. Mull*, 2024-Ohio-370, ¶ 12 (6th Dist.). "Ohio's Crim.R. 11 outlines the procedures that trial courts are to follow when accepting pleas." *State v. Dangler*, 2020-Ohio-2765, ¶ 11.

**{¶18}** Under Crim.R. 11(C), "felony defendants are entitled to be informed of various constitutional and nonconstitutional rights, prior to entering a plea." *State v. Griggs*, 2004-Ohio-4415, ¶ 6. Among the nonconstitutional rights, Crim.R. 11(C)(2)(b) requires the trial court to inform the defendant of the effect of his no-contest plea and to determine that he understands that effect. *Id*. at ¶ 10-12; *State v. Jones*, 2007-Ohio-6093, ¶ 12.

**{¶19}** Historically, a trial court was required to substantially comply with Crim.R. 11 when explaining the nonconstitutional rights set forth in Crim.R. 11(C)(2)(b). *See State v. Foster*, 2018-Ohio-4006, ¶ 16 (1st Dist.). However, in *Dangler*, the Ohio Supreme Court recognized that the "muddled" analysis created by "suggesting different tiers of compliance," such as partial and substantial, complicated what should be a straightforward inquiry. *Dangler* at ¶ 17. The Court explained that,

> Properly understood, the questions to be answered are simply: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?

*Id*.

**{¶20}** When the court fails to fully comply with Crim.R. 11(C) with respect to a nonconstitutional right, the plea may be vacated only if the defendant shows prejudice. *Id*. at ¶ 16. To show prejudice, the defendant must demonstrate that he or

she would not otherwise have entered the plea. *Id.*; *State v. Thompson*, 2020-Ohio-211, ¶ 5 (2d Dist.). However, if the trial court completely fails to comply with the Crim.R. 11(C)(2)(b) effect-of-plea requirement, prejudice need not be demonstrated. *Dangler* at ¶ 15; *E. Cleveland v. Zapo*, 2011-Ohio-6757, ¶ 10 (8th Dist.); *State v. Ramey*, 2014-Ohio-2345, ¶ 16 (7th Dist.).

**{¶21}** To satisfy the effect-of-plea requirement, a court must inform the defendant, either orally or in writing, of the appropriate language in Crim.R. 11(B). *Jones*, 2007-Ohio-6093, at ¶ 25, 51. For a no-contest plea, a defendant must be informed that "[t]he plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment . . . ." Crim.R. 11(B)(2).

**{¶22}** Here, Boddy contends, and the record reflects, that the trial court did not orally inform him of the effects of his no-contest pleas. Both parties agree that the court failed to fully comply with the rule.

**{¶23}** Thus, the next question is whether the failure is "of a type that excuses a defendant from the burden of demonstrating prejudice." *Dangler*, 2020-Ohio-2765, at ¶ 17. Instead of demonstrating prejudice, Boddy argues the court completely failed to comply with Crim.R. 11(C)(2)(b), eliminating his need to establish prejudice. *See id.* at ¶ 17; *State v. Sarkozy*, 2008-Ohio-509, ¶ 22. The State contends that because the court did not fail to fully comply with the requirement, Boddy's failure to allege or establish prejudice is fatal to his argument.

**{¶24}** The trial court informed Boddy that the prosecutor would read the statement of facts, and his counsel would respond to those facts. Additionally, the signed plea form stated that, "I understand the plea of no contest is an admission of the truth of the facts alleged in the indictment but not an admission of my guilt to the charge(s) against me." The court addressed Boddy and confirmed that he signed the

9

form, could read and write, and entered the pleas knowingly, intelligently, and voluntarily. Boddy's counsel assured the trial court that she had reviewed the plea form with Boddy and confirmed that Boddy was competent to enter the pleas and did so knowingly, intelligently, and voluntarily.

{¶25} Based on this record, the court did not completely fail to comply with Crim.R. 11(C)(2)(b), and the court's failure was not a "type that excuses a defendant from the burden of demonstrating prejudice." *See Dangler* at ¶ 17, 23; *State v. Hubbard*, 2025-Ohio-5604, ¶ 27-28 (6th Dist.) (holding that the court did not completely fail to comply where Hubbard signed the plea form explaining the effect of the plea, the court ensured his attorney reviewed the form and that he signed the form, and told him he would be required to make a factual statement regarding the circumstances of the offense); *Jones*, 2007-Ohio-6093, at paragraph two of the syllabus, ¶ 51 ("To satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B)," and it may do so either "orally or in writing."); *State v. Sheppeard*, 2023-Ohio-3278, ¶ 16 (2d Dist.) (finding substantial compliance with Crim.R. 11(C)(2)(b) when the plea form included the required advisements and the defendant had the opportunity to review the form with his attorney and understood the plea).

{¶26} Accordingly, Boddy must demonstrate prejudice by establishing that he would not have entered the plea but for the court's failure to explain the effect of the plea. *See Dangler*, 2020-Ohio-2765, at ¶ 23. "Prejudice must be established on the face of the record." (Cleaned up.) *Id.* at ¶ 24. Boddy does not attempt to establish prejudice, so his claim must fail. *See Hubbard* at ¶ 30. Even if he had, nothing in the record indicates that Boddy would not have entered his pleas had the court fully complied with Crim.R. 11(C)(2)(b). *See Dangler* at ¶ 24.

**{¶27}** Consequently, we overrule the second assignment of error.

## Motion to Dismiss

**{¶28}** In his third assignment of error, Boddy argues that the trial court erred by denying the motion to dismiss the indictment because all three statutes under which he was charged violated his Second Amendment rights. Boddy seeks to have his convictions vacated and the matter remanded to the trial court for "dismissal of the indictment after a precise historical analysis consistent [with Boddy's] alleged fact pattern in relation to the *Bruen* test." Boddy acknowledges that the trial court did not conduct a hearing on the motion to dismiss.

**{¶29}** The State argues that Boddy's motion did not raise the issues with specificity in violation of Crim.R. 47. The State further argues that Boddy abandoned, and therefore waived, the issue when his second counsel did not adopt the motion or raise a *Bruen* argument prior to entering the pleas.

**{¶30}** The record reflects that the trial court did not rule on Boddy's motion to dismiss the indictment or the State's motion to strike Boddy's motion to dismiss. "Generally, an appellate court will presume that a trial court overruled a motion on which it did not expressly rule, where it is clear that that is what the trial court actually intended to do." *State v. Lewis*, 2012-Ohio-4696, ¶ 22 (4th Dist.).

**{¶31}** Here, the record does not reflect that the court intended to deny the motion. The trial court scheduled a motion hearing on December 10, 2024. At that setting, Boddy requested a continuance for a plea or trial. The case was reset on January 10, 2025, and again Boddy requested a continuance for plea or trial until January 28. On January 28, the case was continued until February 11, at Boddy's request, for a plea or trial. At the February hearing, Boddy requested a continuance until March 3 for a motion, other than a motion to suppress. On March 3, Boddy

continued the case until March 25 for a motion, other than a motion to suppress. Instead of proceeding on the motion on March 25, Boddy requested a continuance for a plea or trial. On April 4, Boddy obtained new counsel, and at the next setting, Boddy's new counsel requested to continue the case until April 14 for a plea or trial. Boddy's counsel sought two additional continuances for a plea or trial, and Boddy pleaded no-contest on April 17. The record contains no transcripts from those hearings, only the written continuance entries.

{¶32} At the plea and sentencing, Boddy made no mention about the motion to dismiss he filed, did not request a hearing on the motion, and did not request a ruling from the trial court. Instead, Boddy entered no-contest pleas in this case and two guilty pleas in unrelated cases. After the court found Boddy guilty, counsel mentioned that guns and bars existed in the 18th century and referenced a Fifth District case but did not present an oral argument on the motion to dismiss. Boddy had three opportunities to argue the motion to dismiss and failed to do so. Instead of pursuing the motion, Boddy knowingly, intelligently, and voluntarily entered his no-contest pleas.

{¶33} Consequently, Boddy "implicitly abandoned or withdrew his motion to dismiss." *See State v. Jabbar*, 2021-Ohio-1191, ¶ 21 (8th Dist.). In *Jabbar*, the Eighth District Court of Appeals was faced with a similar issue, where the defendant filed a motion to dismiss, and at the motion hearing, did not discuss or argue the motion. *Id.* Instead, he pleaded guilty. *Id.* The court concluded the defendant "waived all constitutional errors apart from the constitutional errors that affected his guilty plea." *Id.* at ¶ 22; *State v. Fetty*, 2007-Ohio-905, ¶ 6 (3d Dist.) (entering a plea of no contest before the court ruled on the motion to dismiss the indictment "is tantamount to a withdrawal of the motion"). By withdrawing the motion, Boddy waived the issue for

12

appeal. *See id.*

{¶34} Accordingly, we overrule Boddy's third assignment of error.

## Conclusion

{¶35} Having overruled Boddy's three assignments of error, we affirm the judgment of the trial court.

Judgment affirmed.

**KINSLEY, P.J.,** and **BOCK, J.,** concur.