OPINION
{¶ 1} Defendant-appellant, Shauna D. Willenburg, appeals her conviction and sentence in the Clermont County Court of Common Pleas for aggravated vehicular homicide, aggravated vehicular assault, and operation of a vehicle while under the influence of alcohol. For the reasons outlined below, we affirm appellant's conviction and sentence.
 {¶ 2} On August 4, 2007, appellant was travelling southbound on State Route 133 in Clermont County when she failed to obey a stop sign and struck a vehicle driven by Robert *Page 2 
Scott Lloyd. Scott and his wife Stephanie sustained serious injuries. Stephanie, who was eight months pregnant at the time of the collision, also suffered a miscarriage as a result of the accident. Appellant admitted to consuming three beers earlier in the day and to driving while upset after arguing with her boyfriend. Following the collision, appellant submitted to a blood test which yielded a result of .085.
 {¶ 3} Appellant was indicted on one count of aggravated vehicular homicide in violation of R.C. 2903.06(A)(1)(a), a felony of the second degree; two counts of aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a), a felony of the third degree; one count of operating a vehicle while under the influence of alcohol or drugs (hereinafter "OVI impaired") in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree and; and one count of operating a vehicle with a prohibited blood alcohol concentration (hereinafter "OVI blood alcohol") in violation of R.C. 4511.19(A)(1)(b), a misdemeanor of the first degree.
 {¶ 4} At the March 31, 2008 plea hearing, appellant entered a plea of no contest to all five counts in the indictment. The trial court found appellant guilty on all counts except for the OVI blood alcohol count. Following a sentencing hearing, the trial court imposed a six-year term of imprisonment on the aggravated vehicular homicide count, a five-year term on the aggravated vehicular assault count involving Stephanie, and a three-year term on the aggravated vehicular assault count involving Scott. All three terms were ordered to be served consecutively, for a total sentence of 14 years. The court also imposed a 180-day term on the OVI impaired count, to be served concurrent to the other terms. Appellant timely appeals, raising two assignments of error.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT ERRED IN ACCEPTING WILLENBURG'S `NO CONTEST' PLEA, CONTRARY TO THE REQUIREMENTS OF CRIM.R. 11, WHICH VIOLATED HER CONSTITUTIONAL RIGHTS UNDER BOTH THE UNITED STATES *Page 3 
CONSTITUTION AND THE OHIO CONSTITUTION."
 {¶ 7} Appellant argues that her no contest plea was not knowingly, intelligently, and voluntarily made because she did not subjectively understand that the offenses with which she was charged involved mandatory prison time.
 {¶ 8} Due process requires that a plea in a criminal case be made knowingly, intelligently, and voluntarily. State v. Engle,74 Ohio St.3d 525, 527, 1996-Ohio-179. In accordance with Crim. R. 11(C)(2), the trial court must engage in an oral dialogue with the defendant prior to accepting a guilty or no contest plea so that the defendant is able to understand the consequences of his or her plea to ensure the validity thereof. State v. Clark, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 26.
 {¶ 9} Crim. R. 11(C)(2)(a) obligates the trial court to determine that the defendant's plea is made voluntarily and that the defendant comprehends the crimes charged, maximum penalties, and ineligibility for probation or community control sanctions, if applicable. Under Crim. R. 11 (C)(2)(b), the court must make certain that the defendant understands the effect of the guilty or no contest plea, and that the court may enter judgment and impose sentence upon acceptance of the plea.
 {¶ 10} The trial court must substantially comply with Crim. R. 11 when giving the nonconstitutional notifications required by Crim. R. 11(C)(2)(a) and (b). State v. Veney, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 14. Substantial compliance is met where the record indicates that, under the totality of the circumstances, the defendant "subjectively understands the implications of his plea and the rights he is waiving." Id. at ¶ 15, quoting State v. Nero (1990), 56 Ohio St.3d 106, 108.
 {¶ 11} In her brief, appellant concedes that the trial court fully complied with the requirements of Crim. R. 11 at the plea hearing. The transcript for the plea hearing reveals that the trial court informed appellant she was facing mandatory prison sentences: *Page 4 
 {¶ 12} "THE COURT: Okay. Ms. Willenburg, I'm going to go through each of the charges with you, and then also the applicable punishment. * * * Count No. 1 you are charged with Aggravated Vehicular Homicide. * * * [T]hat is a felony of the second degree. It is punishable by a term of imprisonment of 2, 3, 4, 5, 6, 7, or 8 years, and a — of which that is a mandatory sentence. In other words, the Court's only discretion is as to the length of the sentence. * * * [B]ut the Court has no discretion to grant community control or nonprison sanctions. The Court also has no discretion in terms of reducing the prison sentence. The Court may not do that, and the prison sentence that is imposed may not be reduced administratively."
 {¶ 13} The court went through the rest of the charges in the same manner, specifying that each involved a mandatory sentence. The court informed appellant that the sentences could be ordered to run consecutively, for a potential maximum term of 18 years. When asked if she understood this summary, appellant responded in the affirmative. Appellant indicated to the court that she had no questions about the charges or the possible punishment she could receive. Following the completion of the Crim. R. 11 colloquy, appellant again indicated that she had no questions for the court or her attorney and expressed her desire to enter pleas of no contest to the charges.
 {¶ 14} In addition, the trial court reviewed appellant's written plea form at the hearing. This form was signed by appellant and stated that each of the offenses to which she was pleading involved mandatory prison terms. Appellant verified that she read the form and defense counsel verified that he discussed the pleas and the effects of those pleas with appellant.
 {¶ 15} The sentencing hearing took place just over seven weeks after the plea hearing. Appellant cites the following statement by the trial court at the sentencing hearing as indicative of her misunderstanding of the mandatory nature of the prison terms *Page 5 
corresponding to her offenses:
 {¶ 16} "THE COURT: In her letter [Willenburg is] asking for community service, probation, go home to her kids. What else? I don't think — and I guess maybe that happens a lot of times when people come in for sentencing, but I don't think that Ms. Willenburg really gets it." (Emphasis added.)
 {¶ 17} Appellant neglects to point out that, following the above statement, the court went on to say: "That's not the appropriate sentence for someone who as a result of their reckless conduct destroys a family." These statements were expressed by the court while discussing its reluctance to accept that appellant exhibited genuine remorse. When read in context, it becomes evident that the emphasized portion above referred to appellant's lack of remorse rather than her lack of understanding regarding the mandatory prison time contemplated by the charges.
 {¶ 18} We conclude that, under the totality of the circumstances, appellant subjectively understood that the offenses with which she was charged involved mandatory prison time. Veney, 2008-Ohio-5200 at ¶ 15. The trial court did not err in accepting appellant's no contest plea as it was made knowingly, intelligently, and voluntarily. Appellant's first assignment of error is overruled.
 {¶ 19} Assignment of Error No. 2:
 {¶ 20} "THE TRIAL COURT ERRED IN IMPOSING A FOURTEEN-YEAR SENTENCE UPON WILLENBURG."
 {¶ 21} Appellant contends that her sentence was inconsistent with and disproportionate to sentences imposed for similar offenses by similar offenders.
 {¶ 22} We review the validity of felony sentences in accordance with the two-step process outlined by the Ohio Supreme Court in State v.Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912. This requires us to (1) examine the sentencing court's compliance with all *Page 6 
applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law, and (2) review the sentencing court's decision for an abuse of discretion. Id. at ¶ 4.
 {¶ 23} To the extent that appellant alleges that her sentence is contrary to law, we note that the individual sentences imposed were within their permissible statutory ranges. Appellant received a six-year sentence on her conviction for aggravated vehicular homicide, a second-degree felony which carries a maximum penalty of eight years in prison. R.C. 2929.14(A)(2). Appellant received a five-year sentence on her conviction for aggravated vehicular assault involving Stephanie and a three-year sentence on her conviction for aggravated vehicular assault involving Scott, both third-degree felonies which carry a maximum penalty of five years in prison each. R.C. 2929.14(A)(3).
 {¶ 24} Furthermore, the trial court expressly stated that it considered the principles and purposes of sentencing under R.C. 2929.11. This includes the "consistency analysis" under R.C. 2929.11(B). The court also expressly stated that it balanced the seriousness and recidivism factors under R.C. 2929.12. Because the record indicates that the trial court followed all of the applicable rules and statutes, appellant's aggregate sentence of 14 years is not clearly and convincingly contrary to law. Kalish at ¶ 18.
 {¶ 25} To the extent that appellant alleges that the trial court abused its discretion in imposing sentence, we find that the court gave careful deliberation to the relevant statutory considerations. Id at ¶ 20. The court considered the serious injuries sustained by Stephanie and Scott, including the extensive and permanent injuries experienced by Stephanie, as well as the death of the unborn fetus. The psychological injury to the victims was another factor highlighted by the court. The court also considered appellant's history of traffic violations including repeated charges of speeding, a stop sign charge, and failure to maintain an assured clear distance. The court noted that appellant was found guilty of an alcohol-related *Page 7 
offense, operating a vehicle while under an underaged consumption. Pertaining to that conviction, and similar to the present case, appellant admitted to consuming one beer prior to driving home after an argument with her boyfriend. The court concluded that appellant was inattentive on the day of the collision in the present matter as a result of her alcohol consumption and distraught emotional state, and should not have been driving.
 {¶ 26} After considering these factors, the court sentenced appellant to an aggregate term of 14 years in prison. Nothing in the record indicates that the trial court abused its discretion by acting unreasonably, arbitrarily, or unconscionably in sentencing appellant. Id. at ¶ 20.
 {¶ 27} Appellant's second assignment of error is overruled.
 {¶ 28} Judgment affirmed.
YOUNG, P.J., and RINGLAND, J., concur. *Page 1