[Cite as *State v. Muhire*, 2023-Ohio-1181.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2022-10-095 |
| | : | O P I N I O N |
| - vs - | | 4/10/2023 |
| | : | |
| FAUSTIN MUHIRE, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY AREA II COURT
Case No. CRB 2200560

Michael T. Gmoser, Butler County Prosecuting Attorney, and John C. Heinkel, Assistant Prosecuting Attorney, for appellee.

Andrew J. Karas, for appellant.

**S. POWELL, P.J.**

{¶ 1}   Appellant, Faustin Muhire, appeals his conviction in the Butler County Area II Court for one count of second-degree misdemeanor vehicular manslaughter.[1]  For the reasons outlined below, we reverse and remand this matter to the trial court for further proceedings.

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this appeal from the accelerated calendar for purposes of issuing this opinion.

**Facts and Procedural History**

**{¶ 2}** On July 12, 2022, a complaint was issued charging Muhire with one count of first-degree misdemeanor vehicular homicide in violation of R.C. 2903.06(A)(3)(a). Pursuant to that statute, no person, while operating or participating in the operation of a motor vehicle, shall negligently cause the death of another. The charge arose following a fatal accident between two semi-trucks traveling northbound on I-75 near mile marker 27 in Liberty Township, Butler County, Ohio on the morning of April 22, 2022. The two semi-trucks involved in the accident were driven by Muhire, a Texas resident, and the deceased victim, James Barnett III.

**{¶ 3}** On September 28, 2022, Muhire and his defense counsel appeared before the trial court for what ultimately resulted in a combined plea and sentencing hearing. During this hearing, Muhire's counsel advised the trial court that Muhire would be entering a plea of no contest to the charged vehicular homicide offense. Upon being so advised, the trial court addressed Muhire and stated:

> Sir, you understand that a no contest plea is a full admission to the facts of the case, okay? But you're saying that you don't necessarily agree that those facts constitute the elements of the offense. That's what it says legally. I can tell you almost, probably about 97 percent of the cases where someone pleads no contest it ends up being a finding of guilty. And I understand that you want to enter a no contest plea. Is that what you're telling me?

To this, Muhire answered with what the transcriptionist described as an inaudible response.

**{¶ 4}** Although not particularly clear, it appears the trial court then advised Muhire that rather than a plea of no contest to the first-degree misdemeanor vehicular homicide offense as originally charged, that he would instead be entering a no contest plea to an amended charge of second-degree misdemeanor vehicular manslaughter in violation of R.C. 2903.06(A)(4). Pursuant to that statute, no person, while operating or participating in

the operation of a motor vehicle, shall cause the death of another:

> [a]s the proximate result of committing a violation of any provision of any section contained in Title XLV of the Revised Code that is a minor misdemeanor or of a municipal ordinance that, regardless of the penalty set by ordinance for the violation, is substantially equivalent to any provision of any section contained in Title XLV of the Revised Code that is a minor misdemeanor.

The record is devoid of any evidence to indicate why the trial court may have made this amendment, nor is there anything in the record to indicate either party ever requested such an amendment. The record is also devoid of any evidence to indicate that either party even knew that such an amendment was being made.

{¶ 5} The trial court then advised Muhire of his rights, including his right to a jury trial and his right to have the state prove his guilt beyond a reasonable doubt. The transcript indicates that the trial court then addressed Muhire again and, according to the transcriptionist, had the following exchange:

> THE COURT: * * * Do you understand [your rights]?
>
> THE DEFENDANT: (Inaudible)
>
> THE COURT: Okay. And you understand that by pleading no contest (indiscernible) and that's what you want to do and nobody is forcing you to do that?
>
> THE DEFENDANT: (Inaudible)
>
> [DEFENSE COUNSEL]: That's a question. He's asking you a question.
>
> THE COURT: Is that what you want to do? Nobody is forcing you to do anything. The prosecutor is not forcing you to take (indiscernible) your attorney is not forcing you to do?
>
> THE DEFENDANT: (Indiscernible)
>
> THE COURT: This is a no contest plea.

{¶ 6} Muhire's defense counsel then interrupted the proceedings and stated, "Your

Honor, before we get into that, if I could just address the Court as to my client's citizenship." Muhire's counsel then assured the trial court that Muhire was, in fact, a United States citizen despite it being "a little unclear * * * from the State's perspective." Following this exchange, the trial court then asked the state to read a recitation of the facts into the record. The facts read into the record by the state were as follows:

> [O]n April 22nd, 2022 at 8:30 a.m. [Muhire] was operating a motor vehicle on I-75 approximately mile marker 27, Liberty Township, Butler County, Ohio. He caused the death of another. He operated his truck in a negligent manner. That negligent manner caused the death of the victim in this case.

{¶ 7} Once the state concluded its recitation of the facts, Muhire's defense counsel stated, "Nothing on the facts, Your Honor." The trial court then stated, "So I'm going to take your no contest plea and will find you guilty." The record indicates the trial court made this guilt finding without Muhire ever actually entering a no contest plea into the record on either the originally charged first-degree misdemeanor vehicular homicide in violation of R.C. 2903.06(A)(3)(a) or the court amended charge of second-degree misdemeanor vehicular manslaughter in violation of R.C.2903.06(A)(4).

{¶ 8} The hearing then proceeded immediately to Muhire's sentencing. Following mitigation, and after hearing from the victim's fiancé, the trial court sentenced Muhire to serve 90 days in jail, with 85 of those days suspended, to begin on the evening of October 12, 2022. The trial court also suspended Muhire's driver's license for a period of two years and ordered Muhire to pay a $750 fine plus court costs. On September 30, 2022, Muhire filed a motion with the trial court requesting to stay the execution of his sentence pending appeal. The trial court granted Muhire's request on October 4, 2022. Muhire filed his notice of appeal the next day, October 5, 2022.

### Muhire's Appeal and Three Assignments of Error

{¶ 9} Muhire now appeals his conviction, raising three assignments of error for

- 4 -

review.  In his first assignment of error, Muhire argues his no contest plea, if such a plea was actually ever made, was not knowingly, intelligently, and voluntarily entered.  In his second assignment of error, Muhire argues his conviction for one count of second-degree misdemeanor vehicular manslaughter was not supported by sufficient evidence.  In his third assignment of error, Muhire argues the trial court erred by sentencing him to serve what amounts to five days in jail.  This court has read the briefs submitted by Muhire and the state. This court has also thoroughly reviewed the record on appeal.  This includes a careful review of the transcript of Muhire's joint plea and sentencing hearing.  Upon such review, we find Muhire's first assignment of error to be dispositive in this case, thereby rendering Muhire's second and third assignments of error moot.  Therefore, because we find Muhire's first assignment of error dispositive, we will limit our review and analysis to Muhire's first assignment of error only.[2]

*Muhire Never Entered a No Contest Plea into the Record*

{¶ 10} It is well established that when the trial court accepts a defendant's plea of no contest, the record must affirmatively demonstrate that the defendant's plea was knowingly, intelligently, and voluntarily entered.  *State v. Erdman*, 12th Dist. Butler No. CA2016-07-126, 2017-Ohio-1092, ¶ 7.  In this case, however, the record firmly establishes that Muhire never actually entered a no contest plea into the record prior to the trial court issuing its decision finding Muhire guilty.  The record instead plainly demonstrates that while Muhire was attempting to enter his plea of no contest that Muhire's defense counsel interrupted the proceedings to assure the trial court that Muhire was a United States citizen.  A trial court cannot find a defendant guilty based upon a plea of no contest when the defendant never actually entered his or her no contest plea into the record.  This holds true even where, as

---

2. App.R. 12(A)(1)(C) requires this court to decide each assignment of error and give reasons in writing for its decision "[u]nless an assignment of error is made moot by a ruling on another assignment of error."

here, the record indicates the defendant had the clear intention of entering such a plea prior to the trial court making its guilt finding. Therefore, because the record in this case demonstrates that Muhire never actually entered a plea of no contest into the record prior to the trial court issuing its decision finding him guilty, Muhire's conviction must be reversed and this matter remanded to the trial court for further proceedings.

*Any No Contest Plea Muhire May Have Made was Not Knowingly, Intelligently, and Voluntarily Entered*

{¶ 11} Alternatively, even if we were to find Muhire had entered a no contest plea prior to the trial court finding him guilty, Muhire's plea was not knowingly, intelligently, and voluntarily made. To ensure that a defendant's no contest plea is knowingly, intelligently, and voluntarily entered, "trial courts must accurately advise defendants of the law in Crim.R. 11 plea colloquies." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 41. "A trial court's obligations in accepting a plea [is] depend[ent] upon the level of offense to which the defendant is pleading." *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, ¶ 6. "The advisements required for misdemeanors under Crim.R. 11 depend on whether the misdemeanor is a 'serious offense' or a 'petty offense.'" *State v. Ybarra*, 6th Dist. Wood No. WD-19-006, 2019-Ohio-4824, ¶ 28; *see* Crim.R. 11(D) and (E). A "petty offense" is defined by Crim.R. 2(D) to mean "a misdemeanor other than a serious offense." Crim.R. 2(C) defines a "serious offense" as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months."

{¶ 12} Both offenses relevant to this case, first-degree misdemeanor vehicular homicide in violation of R.C. 2903.06(A)(3)(a) and second-degree misdemeanor vehicular manslaughter in violation of R.C. 2903.06(A)(4), are considered petty offenses given the maximum possible punishment for either offense was not more than six months in jail. *See* R.C. 2929.24(A)(1) and (2) (a first-degree misdemeanor offense carries a maximum of not

more than 180 days in jail, whereas a second-degree misdemeanor offense carries with it a maximum of not more than 90 days in jail); *see also State v. Rusu*, 9th Dist. Summit No. 25597, 2012-Ohio-2613, ¶ 8 ("[t]he [s]tate correctly classifies [appellant's] vehicular homicide conviction as a petty offense because it is a first-degree misdemeanor punishable by up to six months in jail"). Therefore, because both first-degree misdemeanor vehicular homicide in violation of R.C. 2903.06(A)(3)(a) and second-degree misdemeanor vehicular manslaughter in violation of R.C. 2903.06(A)(4) are petty offenses as defined by Crim.R. 2(D), it is the plea procedure set forth in Crim.R. 11(E) that applies to the case at bar. *See State v. Doty*, 12th Dist. Clermont No. CA2018-07-055, 2019-Ohio-917, ¶ 4, fn. 1.

{¶ 13} Pursuant to Crim.R. 11(E), in misdemeanor cases involving petty offenses, the trial court must not accept a defendant's no contest plea without first informing the defendant of the effect of his or her plea. *See State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, ¶ 20 ("in accepting a plea to a misdemeanor involving a petty offense, a trial court is required to inform the defendant only of the effect of the specific plea being entered"). This requires the trial court to "inform the defendant of the appropriate language found under Crim.R. 11(B)." *State v. Chapman*, 12th Dist. Butler No. CA2019-02-034, 2019-Ohio-5026, ¶ 13, citing *id.* at ¶ 25. "Thus, for a no contest plea, a defendant must be informed that the plea of no contest is not an admission of guilt but is an admission of the truth of the facts alleged in the complaint, and that the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." *Jones* at ¶ 23, citing Crim.R. 11(B)(2).

{¶ 14} The record in this case indicates that although the trial court did advise Muhire that a no contest plea would serve as an admission of the truth of the facts alleged in the complaint, the trial court did not advise Muhire that a no contest plea was not an admission of guilt. The trial court also did not advise Muhire that a no contest plea could not be used

against him in any subsequent civil or criminal proceeding. We find the trial court's adherence, or lack thereof, to the requirements set forth in Crim.R. 11(E) troubling given the ease in which those requirements can be satisfied. That is, as noted above, by informing the defendant of the effect of the specific plea being entered by simply reading, word-for-word, if necessary, the appropriate language found under Crim.R. 11(B). *See Jones* at ¶ 20.

{¶ 15} What we find more troubling, however, is the lack of evidence to indicate Muhire, Muhire's defense counsel, the state, or even the trial court knew to what charge Muhire was, or should have been, pleading. Was Muhire pleading to first-degree misdemeanor vehicular homicide in violation of R.C. 2903.06(A)(3)(a) or second-degree misdemeanor vehicular manslaughter in violation of R.C. 2903.06(A)(4)? The record is unclear and full of contradictions that cannot be ignored.[3] This is because, and as is now well established, "[d]ue process requires that a plea in a criminal case be made knowingly, intelligently, and voluntarily." *State v. Willenburg*, 12th Dist. Clermont No. CA2008-06-066, 2009-Ohio-1454, ¶ 8, citing *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). This due process protection applies regardless of whether the plea being entered by the defendant is a plea of guilty or a plea of no contest. *State v. Underwood*, 7th Dist. Mahoning No. 11 MA 170, 2012-Ohio-4263, ¶ 9. It should be understood that a defendant's plea is not knowingly, intelligently, or voluntarily entered when the defendant, defense counsel, the state, and the trial court do not know to what charge the defendant is, or should be, pleading.

## Conclusion

{¶ 16} For the reasons outlined above, any plea that Muhire may have made at the

---

3. These contradictions began almost immediately after the complaint was filed when the trial court issued a summons that misadvised Muhire that he was being summoned and ordered to appear for his arraignment on a charge of first-degree misdemeanor vehicular *manslaughter* rather than on a charge of first-degree misdemeanor vehicular *homicide*.

joint plea and sentencing hearing held on September 28, 2022 is hereby vacated as such plea, if one was in fact entered, was not knowingly, intelligently, and voluntarily made. The trial court's decision finding Muhire guilty of one count of second-degree misdemeanor vehicular manslaughter is also hereby reversed and this matter is remanded to the trial court for further proceedings. Upon remand, the trial court shall hold a hearing, on the record in a manner that can be properly transcribed, where a decision shall be made as to whether Muhire is facing the originally charged offense of first-degree misdemeanor vehicular homicide in violation of R.C. 2903.06(A)(3)(a) or the amended charge of second-degree misdemeanor vehicular manslaughter in violation of R.C. 2903.06(A)(4).[4] Once that decision has been made, and Muhire properly notified, the matter shall proceed in a manner that the trial court deems fit and as is consistent with law and this court's decision herein. This includes, but is not limited to, Marsy's Law as set forth in Article I, Section 10a of the Ohio Constitution.

{¶ 17} Judgment reversed and remanded.

PIPER and BYRNE, JJ., concur.

---

4. We note that Muhire conceivably could have, but did not, avail himself of the procedures set forth in App.R. 9 rather than relying on a transcript that contained so many references to responses that were inaudible and/or audio that was indiscernible. *See* App.R. 9(C) and (D). That rule, however, also requires the trial court "ensure that all proceedings of record are recorded by a reliable method, which may include a stenographic/shorthand reporter, audio-recording device, and/or video-recording device." App.R. 9(A)(2). That was clearly not done in this case, thereby making this case more difficult than what would have otherwise been necessary.