[Cite as *State v. Keltner*, 2024-Ohio-2017.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-09-097 |
| | : | O P I N I O N |
| - vs - | | 5/28/2024 |
| | : | |
| FELICIA KELTNER, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM HAMILTON MUNICIPAL COURT
Case No. CRB 2300514


Laura Gibson, City of Hamilton Prosecuting Attorney, for appellee.

Christopher P. Frederick, for appellant.



**PIPER, J.**

{¶ 1} Appellant, Felicia Keltner, was charged with two counts of domestic violence, in violation of R.C. 2919.25, first-degree misdemeanors. The charges were based upon allegations that Keltner caused physical harm to her two cousins during an altercation.

{¶ 2} When Keltner appeared with her attorney for trial there were discussions

about her entering a guilty plea to one count of domestic violence while the other count would be nolled. Following the discussions, the trial court ascertained that the alleged victims agreed with the plea arrangement and that it was Keltner's intent to enter a plea. After a brief dialogue with Keltner the trial court found Keltner guilty of one count of domestic violence and sentenced her to 180 days in jail with 178 days suspended. Keltner was credited for two days of jail credit and placed on community control. Keltner now appeals, raising one assignment of error for review:

{¶ 3} MS. KELTNER'S GUILTY PLEA WAS NOT VALIDLY ENTERED AND ACCEPTED AND MUST BE VACATED.[1]

{¶ 4} In her sole assignment of error, Keltner argues that the finding she entered a guilty plea was invalid because she never stated on the record that she was pleading guilty to the offense. After careful review, we find Keltner's assertion is supported by the record.

{¶ 5} In this case, the following exchange occurred during the May 10, 2023, hearing:

> THE COURT: So Ms. Keltner is in front of us today, she is here with her attorney, Mr. Nye, on this case. It looks like it's set for a trial and it looks like everybody is ready to go ahead, but there might be a plea; is that right?
>
> THE STATE: That's correct, Your Honor.
>
> THE COURT: And what is going to be the plea? So it's going to be pleading to one of the charges and dismissing the other one?
>
> THE STATE: That's correct.
>
> THE COURT: And are you [Victim 1]?
>
> VICTIM 1: Yes.

---

1. We note a plea not entered cannot be vacated if it doesn't exist in the first place. However, we address Keltner's argument that the finding of guilty and the sentencing entry must be vacated.

THE COURT: Are you [Victim 2]?

VICTIM 2: Yes.

THE COURT: Okay. So she had two charges and she is going to just be pleading to one of them. That's what a plea agreement is if it goes ahead. Did you both understand that?

VICTIM 1: Yes.

THE COURT: Is that -- do either of you object if the case goes ahead that way?

VICTIM 2: No.

VICTIM 1: No.

THE COURT: When this is over, do you want an order for her to stay away from you?

VICTIM 1: Yes.

THE COURT: And what relationship is she to you?

VICTIM 1: She is our cousin.

THE COURT: Cousin? All right. And so, on Ms. Keltner's case, if you plead your case now, you could get 180 days in jail. Do you understand that?

KELTNER: Yes.

THE COURT: If you plead guilty to this offense, that means that you're admitting it. Do you understand that's what a guilty plea means?

KELTNER: Yes.

THE COURT: And she pleaded to the A count; is that correct?

THE STATE: Yes, Your Honor.

THE COURT: I'm going to make a finding that she is guilty on that. And I'm going to go ahead with the sentencing today * * *.

**{¶ 6}** A criminal defendant's choice to enter a plea of guilty is a serious decision.

*State v. Brinkman*, 165 Ohio St.3d 523, 2021-Ohio-2473, ¶ 10. Due process requires that a defendant's plea be made knowingly, intelligently, and voluntarily; otherwise, the defendant's plea is invalid. *Id.*

**{¶ 7}** The plea procedure for a misdemeanor case under Crim.R. 11 is much less elaborate than the procedure for a felony case. *State v. Fluhart*, 12th Dist. Clermont No. CA2020-12-069, 2021-Ohio-2153, ¶ 15. However, a court may not convict and sentence a defendant where no plea has been entered upon the record. *State v. Muhire*, 12th Dist. Butler No. CA2022-10-095, 2023-Ohio-1181, ¶ 10; *Cleveland v. Chappell*, 8th Dist. Cuyahoga No. 104739, 2017-Ohio-4070, ¶ 14.

**{¶ 8}** The record shows that Keltner never entered a guilty plea. The trial court informed Keltner of the amount of jail time she could receive and advised her that a guilty plea was an admission of guilt. Keltner stated that she understood the trial court's advisements, however, the record does not reflect that Keltner tendered a guilty plea. As a result, there was no plea for the trial court to accept, and consequently no basis for the judgment of conviction. Keltner's sole assignment of error is sustained, and the finding of guilty with subsequent sentence is hereby vacated.

**{¶ 9}** Judgment reversed and remanded for further proceedings.

S. POWELL, P.J., and HENDRICKSON, J., concur.