[Cite as *State v. Turner*, 2026-Ohio-2439.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio/City of Sandusky            Court of Appeals No. {22}E-25-049

      Appellee                                     Trial Court No. CRB 2500557

v.

Tammie Turner                             **DECISION AND JUDGMENT**

      Appellant                                    Decided: June 26, 2026

* * * * *

Henry Schaefer, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Appellant, Tammie Turner, appeals the October 9, 2025 decision of the Sandusky Municipal Court sentencing her to 30 days of jail time, with 20 days suspended on the condition of future good behavior for two years, a $100 fine, and $140 in court costs.[1] Although the sentencing entry indicates a plea of "NC" (presumably indicating a no-contest plea), the record is devoid of any evidence to suggest that a change-of-plea

---

[1] It is not clear whether Turner was sentenced to the original charge—aggravated menacing, a first-degree misdemeanor—or a reduced charge of menacing, a fourth-degree misdemeanor.

hearing actually occurred.  Accordingly, we vacate Turner's conviction, and reverse and remand to the trial court for further proceedings.

## I. Background and Facts

{¶ 2} Turner was charged by complaint with aggravated menacing, a violation of R.C. 2903.21(A), a first-degree misdemeanor.  According to the complaint, on April 5, 2025, "Tammie L. Turner.: did knowingly cause Z.K. to believe the offender would cause death and or serious bodily harm, To wit: During the course of an investigation, officers were advised Tammie L. Turner was yelling homophobic slurs at Z.K. and her husband/boyfriend brandished a gun in the Sandusky Mall."  (Emphasis deleted.)

{¶ 3} On April 8, 2025, Turner was arraigned and entered a not-guilty plea.  On April 23, 2025, Turner's counsel entered a notice of appearance, request for discovery, and a request for a pretrial conference.  The trial court scheduled a pretrial hearing for June 30, 2025.

{¶ 4} Following the pretrial conference on June 30, 2025, a pretrial report was filed with the trial court.  The report included a boilerplate statement that read, "A pre-trial conference was held on 6-30-25 in the above captioned case.  Present were counsel for the defendant and counsel for the plaintiff.  The following recommendations concerning plea bargain and sentence are agreed upon by both parties."  In a blank below that statement, someone handwrote, "4-5-25[2] / agg. men. – plead to menacing[.]"  In the space following "SENTENCE RECOMMENDATION," someone handwrote, "PSI.  V

---

[2] April 5, 2025, is the date of the offense.

2.

very involved." The name of Turner's attorney and the initials of the City's attorney were handwritten on lines at the bottom of the page labeled "COUNSEL FOR DEFENDANT" and "COUNSEL FOR PLAINTIFF[.]" There is no docket entry or transcript from June 30, 2025, reflected in the record.

{¶ 5} The trial court's docket does not show a change-of-plea hearing or any other indication that Turner entered a plea following the June 30, 2025 pretrial conference. The record does not contain a transcript from a plea hearing.[3]

{¶ 6} Despite that, the trial court held a sentencing hearing on October 9, 2025. At sentencing, Turner, her attorney, and the victim each addressed the court. After hearing from the parties, the court sentenced Turner to 30 days in jail with 20 days suspended, "two years future good behavior[,]" an unspecified fine, and court costs.

{¶ 7} In its sentencing entry, the trial court indicated that Turner pleaded "NC" to a charge of "M-4" menacing. However, "2903.21"—aggravated menacing, a first-degree misdemeanor—was typed in a blank space after "ORC." In the "SENTENCE" section of the order, the court imposed 30 days of jail time, with 20 days suspended on the condition of future good behavior for two years, a $100 fine, and $140 in court costs.

{¶ 8} Turner now appeals, raising one assignment of error.

> The Court erred by accepting Tammie L. Turner's no contest plea without personally addressing her in open court and informing her of the effect of the plea as required by Crim.R. 11(E), thereby rendering the plea invalid and the conviction void.

---

[3] In her praecipe, Turner requested "[a] full transcript of all proceedings and testimony taken before this Court (if applicable.)"

3.

## II. Law and Analysis

**{¶ 9}** In her assignment of error, Turner argues that the trial court failed to "personally address[]" her in open court and failed to inform her of the effect of her no-contest plea. She argues that "[t]he record does not show that [she] ever appeared in court to enter the plea[.]"

**{¶ 10}** When a defendant enters a plea in a criminal case, due process requires that the plea be made knowingly, intelligently, and voluntarily; otherwise, the plea is invalid. *State v. Brinkman*, 2021-Ohio-2473, ¶ 10. The plea procedure for a misdemeanor case under Crim.R. 11 is not elaborate. *State v. Keltner*, 2024-Ohio-2017, ¶ 7 (12th Dist.). But a court may not convict and sentence a defendant where no plea has been entered upon the record. *Id.*, citing *State v. Muhire*, 2023-Ohio-1181, ¶ 10 (12th Dist.), and *Cleveland v. Chappell*, 2017-Ohio-4070, ¶ 14 (8th Dist.); *see also State v. Buffington*, 2025-Ohio-2575, ¶ 25 (4th Dist.).

**{¶ 11}** Looking at the record in this case, there is no evidence that Turner ever entered a guilty or no-contest plea to either aggravated menacing or menacing. As a result, there was no plea for the trial court to accept, and, consequently, no basis for the judgment of conviction. *Keltner* at ¶ 8; *Buffington* at ¶ 25. Therefore, Turner's assignment of error is well-taken.

4.

### III. Conclusion

{¶ 12} Based on the foregoing, the October 9, 2025 decision of the Sandusky Municipal Court is reversed.  Turner's conviction is vacated, and this case is remanded for further proceedings.  The City is ordered to pay the costs of this appeal under App.R. 24.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.

Christine E. Mayle, J.

_____

JUDGE

Gene A. Zmuda, J.

Myron C. Duhart, J.

_____

CONCUR.

JUDGE

_____

JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.