[Cite as *State v. Mull*, 2024-Ohio-370.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio

    Appellee

v.

Jeremy W. Mull

    Appellant

Court of Appeals No. WD-23-004
WD-23-012

Trial Court No.  2021CR0419
2022CR0119

**DECISION AND JUDGMENT**

Decided:  February 2, 2024

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney,
David T. Harold, Chief Assistant Prosecuting Attorney, and
Dexter L. Phillips, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is a delayed, consolidated appeal from the judgments by the Wood County Court of Common Pleas which sentenced appellant, Jeremy W. Mull, to an aggregate indefinite prison term of 12 to 16 years after the trial court accepted appellant's

guilty pleas to three offenses and convicted him of them along with violating his postrelease control in another case. For the reasons set forth below, this court reverses the trial court's judgments.

## I. Background

{¶ 2} On August 19, 2021, a Wood County Grand Jury issued a true bill indictment, as subsequently amended, against appellant for three offenses: felonious assault, a violation of R.C. 2903.11(A)(1) and a second-degree felony pursuant to R.C. 2903.11(D)(1)(a); endangering children, a violation of R.C. 2919.22(B)(1) and a second-degree felony pursuant to R.C. 2919.22(E)(2)(d); and endangering children, a violation of R.C. 2919.22(A) and a third-degree felony pursuant to R.C. 2919.22(E)(2)(c). Appellee, state of Ohio, alleged that between August 3 and August 7, 2021, appellant caused physical harm to his live-in girlfriend and to her eight-year-old child, to whom appellant had assumed the role of stepfather. Both victims required medical attention, but medical attention for the child's severe injuries was withheld by appellant for four days. Appellant told his live-in girlfriend and the child that if they left the residence or called the police he would kill them. Appellant isolated the child in his bedroom where he was also denied soap, water, and a change of clothes. When the child finally received medical attention, a forensic nurse carefully documented the child's extensive injuries. The case was assigned by the Wood County Common Pleas Court case No. 2021CR0419.

2.

Appellant pled not guilty to all offenses, and discovery commenced in anticipation of that trial.

{¶ 3} Then on March 17, 2022, a Wood County Grand Jury issued a true bill indictment against appellant for domestic violence, a violation of R.C. 2919.25(A) and a third-degree felony pursuant to R.C. 2919.25(D)(4). Appellee alleged that on or about June 30, 2021, appellant caused physical harm to his live-in girlfriend after having previously pleaded guilty to or been convicted of three domestic violence offenses. Appellee did not identify that in one of those three previous domestic violence convictions,[1] appellant was subject to postrelease control at the time appellant committed this new felony. The case was assigned by the Wood County Common Pleas Court No. 2022CR0119. Appellant pled not guilty to the offense, and discovery commenced in anticipation of that trial.

{¶ 4} On August 25, the trial court granted appellee's motion to join the cases for trial.

{¶ 5} On October 7, appellant pled guilty to three offenses: the two endangering-children offenses from case No. 2021CR0419 and the domestic violence offense from case No. 2022CR0119. The trial court conducted a plea colloquy, accepted appellant's guilty pleas, and convicted him of the three offenses.

---

[1] Sandusky County Common Pleas Court case No. 2018CR0501.

3.

{¶ 6} As journalized on December 20, the trial court sentenced appellant as follows: (1) for case No. 2021CR0419 endangering children, a violation of R.C. 2919.22(B)(1) and a second-degree felony pursuant to R.C. 2919.22(E)(2)(d), a minimum definite prison term of eight years to a maximum indefinite term of 12 years; (2) for case No. 2021CR0419 endangering children, a violation of R.C. 2919.22(A) and a third-degree felony pursuant to R.C. 2919.22(E)(2)(c), a prison term of three years to be served consecutively to, and did not merge with, the first count of endangering children; (3) for case No. 2022CR0119 domestic violence, a violation of R.C. 2919.25(A) and a third-degree felony pursuant to R.C. 2919.25(D)(4), a prison term of 18 months to be served concurrent to both endangering children sentences from case No. 2021CR0419; and (4) for case No. 2021CR0419 "one year in prison for the violation of post release control" to be served consecutively to both endangering children sentences from case No. 2021CR0419 for "a total aggregate sentence of 12 years as a minimum definite term to 16 years as a maximum indefinite term."

{¶ 7} Appellee dismissed at sentencing the felonious assault offense under case No. 2021CR0419.

{¶ 8} Appellant timely appealed the trial court's judgment in case No. 2021CR0419, which was assigned appeals case No. WD-23-004. Appellant then sought, and was granted, a delayed appeal of the trial court's judgment in case No. 2022CR0119, which was assigned appeals case No. WD-23-012. This court subsequently consolidated

4.

case No. WD-23-012 under case No. WD-23-004 pursuant to App.R. 3(B).  Appellant sets forth three assignments of error:

1. The trial court abused its discretion by imposing one year in the ODRC for a violation of Appellant's post-release control.

2. The trial court did not substantially comply with the requirements of Crim.R. 11(C)(2)(a), therefore Appellant's plea was not offered knowingly, intelligently, and voluntarily.

3. The trial court erred by denying Appellant's motion to merge two counts of endangering children.

{¶ 9} We will address appellant's second assignment of error, which is dispositive of this appeal.

## II. Crim.R. 11(C)(2)(a)

{¶ 10} In support of his second assignment of error, appellant argues that the trial court committed reversible error under Crim.R. 11(C)(2)(a) when the trial court failed to orally advise appellant at the time of his change of pleas that it could impose a judicial sanction pursuant to R.C. 2929.141 for violating his postrelease control sanction imposed by the Sandusky County Common Pleas Court in case No. 2018CR0501. Appellant concedes he was subject to a postrelease control sanction imposed by the Sandusky County Common Pleas Court in case No. 2018CR0501 at the time of the three offenses to which he pled guilty in this matter.  Appellant argues that his three guilty pleas were not

5.

offered knowingly, voluntarily, and intelligently, and the trial court erred when it accepted them and convicted him of those offenses.

{¶ 11} Appellee responds that no trial court error occurred for four reasons. First, at the change of plea hearing the trial court orally advised appellant that the maximum prison term he faced was 18 years, and he was not prejudiced because he received less than that even with the one-year postrelease control sanction, a non-constitutional right. Second, there was not a complete failure to comply with Crim.R. 11(C)(2)(a) because the guilty plea agreements appellant signed in case Nos. 2021CR0419 and 2022CR0119 advised him of the potential sanctions for violating existing postrelease control: "I understand that if I am now * * * under post release control from prison, this plea may result in revocation proceedings and any new sentence could be imposed consecutively." Third, appellant's reliance on *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, and on *State v. Acosta*, 2023-Ohio-737, 210 N.E.3d 67 (6th Dist.), are misplaced where the facts are materially different because appellant was not ordered to serve a total prison term greater than what he was warned it could be. Fourth, appellant's violation of his postrelease control sanction in Sandusky County was unknown to the trial court until it received the confidential presentence investigation report, which was after the change of plea hearing. Nevertheless, appellee, without conceding error under 6th Dist.Loc.App.R. 10(H), states that, "in the interests of equity, the State would endorse

6.

this Court, under App.R. 12(A)(1)(a), removing the one-year prison sanction that the trial court imposed on Mull pursuant to R.C. 2929.141."

**{¶ 12}** A defendant entering a plea in a criminal case must do so knowingly, intelligently and voluntarily, and the failure of any one element renders enforcement of that plea unconstitutional. *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 10. The three-part inquiry on appeal is: "(1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *Id.* at ¶ 17. A trial court's complete failure to comply with a portion of Crim.R. 11(C) eliminates appellant's burden to show prejudice. *Id.* at ¶ 15.

**{¶ 13}** "R.C. 2929.141(A) provides that when a defendant who is on postrelease control is convicted of a new felony, the trial court may terminate the postrelease-control term and impose a prison term for the postrelease-control violation, 'regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control.'" *In re Disqualification of Batchelor*, 160 Ohio St.3d 1235, 2020-Ohio-4052, 155 N.E.3d 956, ¶ 7. "If a prison term is imposed, R.C. 2929.141(A)(1) establishes the maximum prison term and requires the defendant to serve the additional term consecutively to the prison term for the new

7.

felony. This additional penalty is often referred to as a 'judicial sanction.'" *Id.*, citing *Bishop* at ¶ 13.

{¶ 14} A plea must be vacated under Crim.R. 11(C)(2)(a) where the trial court fails to advise a defendant on postrelease control for a prior felony, during the plea hearing in a new felony case, of the court's authority under R.C. 2929.141 to terminate the defendant's existing postrelease control sanction and to impose a consecutive prison sentence for violating the postrelease control. *Bishop* at ¶ 21.

{¶ 15} We apply a de novo review to whether appellant's guilty pleas were entered in compliance with Crim.R. 11(C)(2)(a). *State v. Acosta*, 2023-Ohio-737, 210 N.E.3d 67, ¶ 18 (6th Dist.).

{¶ 16} On appeal, appellant concedes: (1) the three offenses occurred while he was on postrelease control in Sandusky County; (2) that "he was informed by the court at his plea hearing of the maximum penalties he faced for the charges he was pleading to"; and (3) the two, separate plea agreements he signed in this matter advised him that his guilty "plea may result in revocation proceedings and any new sentence could be imposed consecutively." However, the foregoing is not apparent in the trial court record.

{¶ 17} Upon de novo review, we find that at the October 7, 2022 change of plea hearing the trial court did not ask if appellant was on postrelease control in a prior case. Although the indictment for case No. 2022CR0119 specifically references Sandusky County Common Pleas Court case No. 2018CR0501, no part of the sentence appellant

8.

received in the Sandusky County case is included in the record of case No. 2022CR0119, let alone in the record of case No. 2021CR0419, where the one-year sentence for violating the postrelease control was imposed. The trial court failed to orally inform appellant, separately from the written plea agreements, that any new sentence for violation of his existing postrelease control could be imposed consecutively to the three offenses to which he pled. The trial court never drew appellant's attention to the relevant clauses of each plea agreement he was asked to sign.

{¶ 18} Based on the foregoing, we find that due to the trial court's failure at the change of plea hearing to orally advise appellant of the potential R.C. 2929.141(A) sentence as part of the maximum penalty involved, appellant is not required to show prejudice, and his three guilty pleas were not knowingly, voluntarily, and intelligently made. *Acosta* at ¶ 23; *Bishop* at ¶ 20 (a trial court's complete failure to inform the defendant that a consecutive prison sentence under R.C. 2929.141(A) was possible is not "partial compliance," and the defendant need not show prejudice). The certified question determined by the Ohio Supreme Court in *Bishop* focused on whether Crim.R. 11(C)(2)(a) required a specific advisement by the trial court at the plea hearing. *Bishop* at ¶ 1. As explained by the Seventh District Court of Appeals, "*Bishop* does not hinge on whether a defendant receives a maximum sentence. * * * [It] stands for the proposition that 'a criminal defendant on (post-release control) for a prior felony *must be advised, during his plea hearing in a new felony case, of the trial court's ability under R.C.

9.

2929.141 to terminate his existing (post-release control) and to impose a consecutive prison sentence for the (post-release control) violation.'" (Emphasis added.) *State v. Crook*, 7th Dist. Mahoning No. 21 MA 0051, 2022-Ohio-896, ¶ 22, quoting *State v. Bishop*, 152 Ohio St.3d 1404, 2018-Ohio-723, 92 N.E.3d 877. We agree.

{¶ 19} Appellant's second assignment of error is well-taken. Appellant's first and third assignments of error are moot. App.R. 12(A)(1)(c).

### III. Conclusion

{¶ 20} On consideration whereof, we decline appellee's suggestion to simply modify appellant's sentences pursuant to App.R. 12(A)(1)(a). The judgments of conviction and sentencing by the Wood County Court of Common Pleas are reversed. We vacate appellant's guilty pleas and remand the matters to the trial court for proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgments reversed,
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.           

_____
JUDGE

Christine E. Mayle, J.         

Myron C. Duhart, J.           

_____
JUDGE

CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.