[Cite as *State v. Hart*, 2024-Ohio-5622.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                      Court of Appeals No.  WD-23-069

Appellee                                       Trial Court No. 2022 CR 0465

v.

Austin John Hart                              **DECISION AND JUDGMENT**

Appellant                                       Decided:   November 27, 2024

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Chief Assistant Prosecuting Attorney, for appellee.

Jeffrey P. Nunnari, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} Appellant, Austin J. Hart, appeals from the November 22, 2023 judgment of

the Wood County Court of Common Pleas following his pleas of guilty to the offenses of

theft and receiving stolen property. For the reasons that follow, we affirm.

**Statement of the Case and Facts**

{¶ 2} Appellant was indicted in a two-count indictment on November 3, 2022. Count one charged him with theft, a felony of the fifth degree based upon the value of the property stolen; and count two charged him with receiving stolen property, a misdemeanor of the first degree. Appellant was arraigned and entered a plea of not guilty to both charges on December 20, 2022.

{¶ 3} On January 24, 2023, appellant -- after being erroneously advised by the trial court that his plea could result in a maximum sentence of 12 months in prison -- changed his pleas to guilty. When he failed to appear for sentencing on March 7, 2023, a warrant was issued for his arrest.

{¶ 4} Appellant was arrested on November 16, 2023, and a bond hearing was scheduled for November 21, 2023.

{¶ 5} On November 21, 2023, appellant, instead of addressing the matter of bond, asked to be immediately sentenced pursuant to an agreement that had been reached between himself and the State. Under the agreement, the State agreed not to charge appellant for failing to appear for his earlier sentencing hearing and appellant agreed that he would waive any error relating to the trial court's failure to advise him at his plea hearing of the potential for a sentence under R.C. 2929.141(A) as part of the maximum penalty involved. The dialogue that took place among the trial court and the parties regarding the agreement was as follows:

> DEFENSE COUNSEL: Your Honor, it is going to be our request to proceed directly to sentencing this afternoon.

2.

THE COURT: Go ahead.

DEFENSE COUNSEL: Thank you, Your Honor. I want to just state for the record I have had a chance to advise Mr. Hart about any potential arguments he may have had concerning PRC time. I did advise him what that means, what we could have possibly argued, and the consequences of waiving any argument concerning PRC time. *It is our intention at this point in time to waive any argument that we may have had regarding the Court's advisement at the time that it took the plea of guilty to the F-5, receiving stolen property, and the post release control time.*

THE COURT: Okay.

DEFENSE COUNSEL: Your Honor, we are asking the Court, pursuant to discussions that we held in the back, to impose a seven-month prison term in the Ohio Department of Rehabilitation and Corrections, give Mr. Hart any credit for days already served. I think it's approximately 30 days or so at this point. And then I guess the Court has no discretion. It would have to run the PRC time consecutive which to my understanding is 476 days as of today.

THE COURT: [The State].

THE STATE: If the Court is going to impose sentence today, the State would agree based upon the Court's imposition of PRC time that we would not seek additional indictment for failing to appear at his previous sentence.

THE COURT: Thank you very much. Mr. Hart, anything you would like to say?

APPELLANT: Yeah. I just want to apologize for not showing up.

THE COURT: Well, Mr. Hart, just so that you are clear on what is going on here, I think you understand that you are on

3.

post release control on an offense out of Wood County, 2022-CR-0465.[1]

At the time of the sentencing in this case you had, I think, 514 days. It is down to 476 days now. There is some recent case law that indicates that the Court should review or advise you of the fact that you could have the potential of having post release control time imposed if you plead guilty to this offense. The Court knows it didn't do that at the plea; but I think that you've talked to your counsel about the practical effect of that, if you withdraw your plea or what else can happen. And so it is my understanding that in regard to the State's ability to file new charges that you've agreed to proceed forward, I guess, not objecting to the imposition of the PRC time although it wasn't reviewed at the plea and agreeing to the imposition, knowing that the State is going to forestall or not going to file charges on the failure to appear.

APPELLANT: Yes.

THE COURT: Is that correct?

APPELLANT: Yes.

(Emphasis added.)

{¶ 6} Consistent with the agreement of both parties, the trial court imposed upon appellant a prison sentence of seven months for the theft offense, to be served concurrently with a 180 day sentence for receiving stolen property, plus a consecutive

---

[1] Here, the trial court apparently misspoke when it misidentified the case for which appellant was on postrelease control. This error was not repeated in the trial court's November 22, 2023 sentencing judgment entry, which accurately noted that appellant had been on postrelease control in case No. 2017CR0154, which was a prior case from Union County, when he committed the new felony offense in case No. 2022-CR-0465. On appeal, appellant does not challenge this discrepancy between the words that were spoken at the sentencing hearing and the words that were written in the sentencing judgment entry.

4.

sentence of 467 days for violating a postrelease control sanction that was imposed in an earlier case.

## Assignment of Error

{¶ 7} On appeal, appellant asserts the following assignment of error:

I.    Appellant's guilty plea was not knowingly,

intelligently and voluntarily entered.

## Law and Analysis

{¶ 8} Appellant argues in his first assignment of error that his plea was not knowingly, intelligently and voluntarily entered because the trial court failed to advise him prior to accepting his guilty pleas that he could receive an additional, consecutive sentence pursuant to R.C. 2929.141 for violating a postrelease control sanction that was imposed in an earlier case.

{¶ 9} The State contends that appellant's argument is barred "because appellant and his trial counsel specifically waived, on the record, the requirement that the trial court advise him prior to entering a guilty plea of the mandatory, consecutive nature of a penalty imposed under R.C. 2929.141(A)(1)."

### Crim.R. 11(C)(2)(a) and R.C. 2929.141(A)

{¶ 10} "A defendant entering a plea in a criminal case must do so knowingly, intelligently and voluntarily, and the failure of any one element renders enforcement of that plea unconstitutional." *State v. Mull*, 2024-Ohio-370, ¶ 12 (6th Dist.), citing *State v. Dangler*, 2020-Ohio-2765, ¶ 10, citing *Parke v. Raley*, 506 U.S. 20, 28-29 (1992).

5.

**{¶ 11}** "Ohio's Crim.R. 11 outlines the procedures that trial courts are to follow when accepting pleas." *Dangler* at ¶ 11. The tripartite inquiry to determine a trial court's compliance with the rule is: "(1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? And (3) if a showing of prejudice is required, has the defendant met that burden? *Id.* at ¶ 17. A trial court's complete failure to comply with a portion of Crim.R. 11(C) eliminates appellant's burden to show prejudice. *Id.* at ¶ 15.

**{¶ 12}** "R.C. 2929.141(A) provides that when a defendant who is on postrelease control is convicted of a new felony, the trial court may terminate the postrelease-control term and impose a prison term for the postrelease-control violation, 'regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control.'" *In re Disqualification of Batchelor*, 2020-Ohio-4052, ¶ 7; R.C. 2929.141(A). "If a prison term is imposed, R.C. 2929.141(A)(1) establishes the maximum prison term and requires the defendant to serve the additional term consecutively to the prison term for the new felony. This additional penalty is often referred to as a 'judicial sanction.'" *Id.,* citing *State v. Bishop*, 2018-Ohio5132, ¶ 13. (Additional citation omitted.)

**{¶ 13}** In general, "[a] plea must be vacated under Crim.R. 11(C)(2)(a) where the trial court fails to advise a defendant on postrelease control for a prior felony, during the plea hearing in a new felony case, of the court's authority under R.C. 2929.141 to

terminate the defendant's existing postrelease control sanction and to impose a consecutive prison sentence for violating the postrelease control." *Mull* at ¶ 14, citing *Bishop* at ¶ 21.

### Waiver

{¶ 14} "Waiver is an intentional relinquishment or abandonment of a known right." (Internal quotations omitted.) *In re R.K.,* 2018-Ohio-23, ¶ 5, citing *State v. Rogers*, 2015-Ohio-2459, ¶ 20, quoting *State v. Quarterman*, 2014-Ohio-4034, ¶ 15, quoting *United States v. Olano*, 507 U.S. 725, 733 (1993), quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938). "'Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.'" (Emphasis omitted). *State v. McClain*, 2012-Ohio-5264, ¶ 16, quoting *Tacon v. Arizona*, 410 U.S. 351, 355 (1973). This court has held that "[i]n determining whether there has been a valid waiver, a court must examine the particular facts and circumstances of each case." *State v. Leggett*, 1997 WL 28417, *2 (6th Dist. Jan. 24, 1997), quoting *State v. Shifflett*, 1996 WL 156566, *3 (2d Dist. Apr. 5, 1996), quoting *Johnson* at 464.

{¶ 15} Here, the record illustrates that although appellant understood that the trial court would have allowed him to withdraw his guilty plea on the basis of the trial court's error, it was his strategic choice and express intention not to do so, having decided that it was to his benefit to serve seven months for the theft conviction and then the approximately 15 months that he had remaining related to his postrelease control in

7.

exchange for the State's agreement not to charge him for failing to appear for sentencing on March 7, 2023. Thus, although advisement of the court's authority under R.C. 2929.141 is generally mandatory, in this case appellant clearly waived such advisement, and he did so before his requested sentencing occurred. Accordingly, we find his sole assignment of error not well-taken.

**Conclusion**

{¶ 16} The judgment of the Wood County Court of Common Pleas is affirmed. Appellant is to pay the costs of appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.                          _____
                                                                JUDGE
Gene A. Zmuda, J.

Myron C. Duhart, J.                           _____
CONCUR.                                                   JUDGE

                                                      _____
                                                                JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.