**[Cite as *State v. Tavarez*, 2025-Ohio-5672.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                            Court of Appeals No. WD-24-077

         Appellee                  Trial Court No.  24 CR 162

v.

Gregorio Tavarez                 **DECISION AND JUDGMENT**

         Appellant                  Decided: December 19, 2025

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Jeffrey Nunnari, for appellant.

* * * * *

**SULEK, P.J.**

{¶ 1} Appellant Gregorio Tavarez appeals the judgment of the Wood County
Court of Common Pleas, which convicted him, following a guilty plea, of three counts of
endangering children, one count of pandering obscenity involving a minor, and one count
of disseminating matter harmful to juveniles.  He asserts that his guilty plea was not
knowingly, intelligently, and voluntarily made.  For the reasons that follow, the trial
court's judgment is affirmed.

## I. Factual Background and Procedural History

{¶ 2} On April 18, 2024, the Wood County Grand Jury returned a ten-count indictment charging Tavarez with five counts of endangering children in violation of R.C. 2919.22(B)(5) and (E)(4), felonies of the second degree; three counts of pandering obscenity involving a minor or impaired person in violation of R.C. 2907.321(A)(5) and (C), felonies of the fourth degree; one count of disseminating matter harmful to juveniles in violation of R.C. 2907.31(A)(1) and (F), a felony of the fifth degree; and one count of possessing criminal tools in violation of R.C. 2923.24(A) and (C), a felony of the fifth degree.

{¶ 3} The trial court arraigned Tavarez on April 29, 2024, at which he entered pleas of not guilty to the charges.

{¶ 4} On September 16, 2024, Tavarez withdrew his initial pleas of not guilty and entered pleas of guilty to three of the counts of endangering children, one count of pandering obscenity involving a minor or impaired person, and one count of disseminating matter harmful to juveniles. The trial court conducted a detailed Crim.R. 11 colloquy, following which it found him guilty of the offenses.

{¶ 5} The matter was then continued for sentencing and the preparation of a presentence investigation report. At sentencing, the trial court ordered Tavarez to serve a total indefinite prison term of six to nine years.

## II. Assignment of Error

{¶ 6} Tavarez timely appeals his judgment of conviction, asserting one assignment of error for review:

2.

1. Appellant's guilty pleas were not knowingly, intelligently and voluntarily entered.

## III. Analysis

{¶ 7} "A defendant entering a plea in a criminal case must do so knowingly, intelligently, and voluntarily, and the failure of any one element renders enforcement of that plea unconstitutional." *State v. Hart*, 2024-Ohio-5622, ¶ 10 (6th Dist.), quoting *State v. Mull*, 2024-Ohio-370, ¶ 12 (6th Dist.). "Ohio's Crim.R. 11 outlines the procedures that trial courts are to follow when accepting pleas." *State v. Dangler*, 2020-Ohio-2765, ¶ 11. The rule "'ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made.'" *Id.*, quoting *State v. Stone*, 43 Ohio St.2d 163, 168 (1975).

{¶ 8} In this case, Tavarez argues that the trial court failed to comply with Crim.R. 11(C)(2)(b), which states that the trial court "shall not accept a plea of guilty" without first "[i]nforming the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence." He contends that the trial court failed to comply with the rule because it did not explain that his guilty plea may be used against him at a later trial. The State concedes that no such explanation was given but argues that one was not required.

{¶ 9} Crim.R. 11(C)(2)(b) requires that the trial court inform the defendant of two things: "the effect of the plea of guilty or no contest" and "that the court, upon

3.

acceptance of the plea, may proceed with judgment and sentence." "To satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B)," and it may do so either "orally or in writing." *State v. Jones*, 2007-Ohio-6093, paragraph two of the syllabus, ¶ 51. It thus must inform the defendant that "[t]he plea of guilty is a complete admission of the defendant's guilt," and "[w]hen a plea of guilty . . . is accepted pursuant to this rule, the court . . . shall proceed with sentencing under Crim.R. 32." Crim.R. 11(B)(1) and (3). Informing defendant that his guilty plea may be used against him at a later trial is not provided for in Crim.R. 11(B).

{¶ 10} Tavarez nonetheless contends that the trial court was required to inform him that his guilty pleas may be used against him at a later trial pursuant to R.C. 2937.09, which states, "If the charge is a felony, the court or magistrate shall, before receiving a plea of guilty, advise the accused that such plea constitutes an admission which may be used against him at a later trial." R.C. 2937.09, however, applies to a preliminary examination upon arraignment, not to a subsequent change of plea to an indictment.

{¶ 11} Accordingly, because the trial court was not required to inform Tavarez that his guilty pleas may be used against him in a later trial, and because it otherwise properly informed him on the constitutional and nonconstitutional matters, Tavarez's guilty pleas were knowingly, intelligently, and voluntarily made. His assignment of error is not well-taken.

4.

## IV. Conclusion

{¶ 12} For the foregoing reasons, the judgment of the Wood County Court of Common Pleas is affirmed. Tavarez is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Myron C. Duhart, J.

_____
JUDGE

Charles E. Sulek, P.J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.